## IN THE UNITED STATES DISTRICT COURT FOR THE

## WESTERN DISTRICT OF OKLAHOMA

**FILED**

AUG 2 1 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) No.  CR-13-63-F |
| | ) |
| BARTICE A. "LUKE" "COOL" | ) Violation: 18 USC § 1962(d); |
| "THE BOSS" KING; | ) 18 USC § 1955; |
| SERENA MONEEQUE KING; | ) 18 USC § 2; |
| SPIROS G. "THE GREEK" ATHANAS; | ) 18 USC § 1956(h); |
| ROBERT JOSEPH "BOB" ROLLY; | ) 18 USC § 1957; |
| KASSANDRA "SANDRA" BATES, | ) 18 USC § 1963; |
| a/k/a Kassandra "Sandra" Vargas, | ) 18 USC § 981(a)(1)(C); |
| a/k/a Sandra Teresita Vargas Farrier; | ) 18 USC § 1955(d); |
| WILLIAM JAMES "BILL" "BILLY" | ) 28 USC § 2461(c); |
| "WILD BILL" BATES; | ) 18 USC § 982 |
| EDWARD LOUIS "GOOCH" "BUBBLES" | ) |
| BUONANNO; | ) |
| KORY ELWIN "SKI" KORALEWSKI; | ) |
| MAXIMILLIAN "MAX" MAGNUS | ) |
| McLAREN, | ) |
| a/k/a Maximillian McLaren | ) |
| Magnus; | ) |
| MARIA "MARY NORTH" ROJAS, | ) |
| a/k/a Maria Isabel Rojas Mata; | ) |
| ARTURO GARCIA JIMÉNEZ; | ) |
| RIGOBERTO NOLAN, | ) |
| a/k/a Rigoberto Nolan Forbes; | ) |
| JAVIER ESPINOSA, | ) |
| a/k/a Javier Espinosa Jimenez; | ) |
| DAVID GORDON; | ) |
| JAMES FRANKLIN "FRANK" | ) |
| "FRANK THE BANK" | ) |
| ACKER III; | ) |
| RODGER VANPELT "DOC" BRAMLEY; | ) |
| KELLEY WARD "ROSEK" DIEBNER; | ) |

TERRY LEE "TOP CAT" "GATO"    )
    CAMPBELL;    )
RALPH GEORGE "GEORGIE" "RICO"    )
    HERNANDEZ;    )
DEREK EDWARD "D" HEWITT;    )
JOSEPH MICHAEL "JOE"    )
    "ROLLTIDE" McFADDEN;    )
BRUCE LANDEN "JOSE" "JOSE C"    )
    MIDDLEBROOK;    )
GREGORY WILSON "PATCHMAIN"    )
    ROBERTS;    )
CHRISTOPHER LEE "CT" "LIMO"    )
    "TAN" "MAGIC" TANNER;    )
PAUL FRANCIS "FPAUL" TUCKER;    )
ROBERT CHARLES "BOB" "FBOBV"    )
    "BINGO BOB" VANETTEN, JR.;    )
ROBERT PAUL "BIG DOG" "CLIFF"    )
    WILSON;    )
LEON MARK "MAKAVELLI"    )
    "MASTIFF" MORAN, JR.;    )
LUIS "BIG LOU" ROBLES;    )
DAVID LYNN "OB" "OBIE" ROSS;    )
JAMES LESTER "LES" ACKER;    )
KELLY JAMES DORN;    )
TODD WILLIAM HOSS;    )
ROBERT ANTHONY "TONY" LAY;    )
DATA SUPPORT SERVICES, S.A.;    )
LEGENDZ GAMING, CORP.,    )
    a/k/a Legendz Gamming,    )
    Corp.;    )
GRUPO LEGENDZ, S.A.;    )
OMNI GROUP INTERNATIONAL    )
    CORP.;    )
GLOBAL DATA PAYMENT    )
    SERVICES, S.A.;    )
JR GROUP, INC.;    )
DSS INTERNATIONAL, INC.;    )
UDS INTERNATIONAL SOFTWARE,    )
    INC.;    )

| | |
|---|---|
| INVESTMENT CONSULTING | ) |
|     SERVICES (ICS), S.A.; | ) |
| OLMOS OVERSEAS, LTD.; | ) |
| REGENCY COMMERCIAL | ) |
|     LIMITADA; | ) |
| STARTING 5, LLC; | ) |
| INTERNATIONAL GOLDSTORE, | ) |
|     CORP.; | ) |
| TEN GRANDCHILDREN | ) |
|     FOUNDATION; | ) |
| DIGILUME, INC.; | ) |
| PROGRAM ADVISORS, INC.; | ) |
| ZAPT ELECTRICAL SALES, INC.; | ) |
| PLPA AND ASSOCIATES, INC.; | ) |
| CAN-AM, LLC; | ) |
| ZIMA HOLDINGS, LLC; | ) |
| 6 MONKEYS S. DE R.L.; and | ) |
| STARLINK INVESTISSEMENTS, INC., | ) |
| | ) |
|       Defendants. | ) |

# S U P E R S E D I N G
# I N D I C T M E N T

The Federal Grand Jury charges:

## COUNT 1
### (Racketeering Conspiracy)

At all times material to this Superseding Indictment, in the Western District of

Oklahoma and elsewhere:

### Introduction

1.    In 2002, defendant **BARTICE A. "LUKE" "COOL" "THE BOSS"**

**KING** (hereafter **"LUKE KING"**) and others operated an illegal Internet sports gambling

website called MVP Sports, located in San Jose, Costa Rica. MVP Sports operated illegally

by offering Internet gambling and illegal sports betting to residents of the United States in

violation of state and federal statutes. In approximately 2003, defendant **LUKE KING**

moved the physical operations of MVP Sports to Panama City, Panama, and changed the

name to Legendz Sports. Since 2003, Legendz Sports (also known as Legends Sports) has

continually operated an illegal gambling business in the Western District of Oklahoma and

elsewhere in the United States, through Internet gambling and traditional bookmakers, in

violation of the federal Wire Wager Act, Title 18, United States Code, Section 1084; Title

18, United States Code, Section 1952 (Interstate Travel in Aid of a Racketeering Enterprise);

Title 18, United States Code, Section 1955 (Operation of an Illegal Gambling Business);

Title 18, United States Code, Sections 1956 and 1957 (Money Laundering); and illegal

gambling statutes in the States of Oklahoma, California, Colorado, Florida, Nebraska, New

York, and Texas, among others.

### The Defendants

#### *Executive Staff*

2.     Defendant **LUKE KING** was the founder and primary operator of

Legendz Sports.

3.     Defendant **SERENA MONEEQUE KING** (hereafter **"SERENA**

**KING"**) was the spouse of **LUKE KING**, the vice president of **DATA SUPPORT**

**SERVICES, S.A.**, and the operator of **STARTING 5, LLC**.

4

4.      Defendant **SPIROS G. "THE GREEK" ATHANAS** was a partner of **LUKE KING** in the operation of Legendz Sports.

5.      Defendant **ROBERT JOSEPH "BOB" ROLLY** was a partner of **LUKE KING** in the operation of Legendz Sports.

6.      Defendant **KASSANDRA "SANDRA" BATES, a/k/a Kassandra "Sandra" Vargas, a/k/a Sandra Teresita Vargas Farrier**, was a member of the executive staff of Legendz Sports and became the manager of VIP Services of Legendz Sports.

7.      Defendant **WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES** was a member of the executive staff of Legendz Sports and the spouse of **KASSANDRA "SANDRA" BATES, a/k/a Kassandra "Sandra" Vargas, a/k/a Sandra Teresita Vargas Farrier**.

8.      Defendant **EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO** was the chief operating officer of Legendz Sports.

9.      Defendant **KORY ELWIN "SKI" KORALEWSKI** was a member of the executive staff of Legendz Sports.

10.      Defendant **MAXIMILLIAN "MAX" MAGNUS McLAREN, a/k/a Maximillian McLaren Magnus**, was chief information technology manager of Legendz Sports and became the general manager for Legendz Sports.

11.      Defendant **MARIA "MARY NORTH" ROJAS, a/k/a Maria Isabel Rojas Mata**, was a member of the executive staff of Legendz Sports.

12.     Defendant **ARTURO GARCIA JIMÉNEZ** was the former chief financial officer and later a "payment processor" for Legendz Sports operating as **REGENCY COMMERCIAL LIMITADA**.

13.     Defendant **RIGOBERTO NOLAN, a/k/a Rigoberto Nolan Forbes,** was president of **LEGENDZ GAMING, CORP., a/k/a Legendz Gamming, Corp.**

14.     Defendant **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez,** was the attorney for Legendz Sports and associated entities and account holder for **JR GROUP, INC.**

15.     Defendant **DAVID GORDON** was a "payment processor" for Legendz Sports operating as defendant **CAN-AM, LLC**.  Individual gamblers would receive checks from **GORDON** as profits from gambling with Legendz Sports.

*Agents*

16.     Defendant **JAMES FRANKLIN "FRANK" "FRANK THE BANK" ACKER III** was an agent of Legendz Sports operating out of Oklahoma.

17.     **RODGER VANPELT "DOC" BRAMLEY** was an agent of Legendz Sports operating out of Texas.

18.     **KELLEY WARD "ROSEK" DIEBNER** was an agent of Legendz Sports operating out of Texas.

19.     Defendant **TERRY LEE "TOP CAT" "GATO" CAMPBELL** was an agent of Legendz Sports operating out of California and Missouri.

6

20.     Defendant **RALPH GEORGE "GEORGIE" "RICO" HERNANDEZ** was an agent of Legendz Sports operating out of California.

21.     Defendant **DEREK EDWARD "D" HEWITT** was an agent of Legendz Sports operating out of Florida.

22.     Michael Casey "Fat Mikey" "Big Mike" Lawhorn was an agent of Legendz Sports operating out of Florida.  He also worked for Legendz Sports in Panama.

23.     M.G. "Nashville" "Island" M. was an agent of Legendz Sports operating out of Florida with Michael Casey "Fat Mikey" "Big Mike" Lawhorn.

24.     Defendant **JOSEPH MICHAEL "JOE" "ROLLTIDE" McFADDEN** was an agent of Legendz Sports operating out of Florida.

25.     Defendant **BRUCE LANDEN "JOSE" "JOSE C" MIDDLEBROOK** was an agent of Legendz Sports operating out of Oklahoma.

26.     Defendant **GREGORY WILSON "PATCHMAIN" ROBERTS** was an agent and sports touter of Legendz Sports operating out of Alabama.

27.     Defendant **CHRISTOPHER LEE "CT" "LIMO" "TAN" "MAGIC" TANNER** was an agent of Legendz Sports operating out of Florida.

28.     Defendant **PAUL FRANCIS "FPAUL" TUCKER** was an agent of Legendz Sports operating out of Florida.

29.     Defendant **ROBERT CHARLES "BOB" "FBOBV" "BINGO BOB" VANETTEN, JR.**, was an agent of Legendz Sports operating out of Oklahoma.

30.     Defendant **ROBERT PAUL "BIG DOG" "CLIFF" WILSON** was an agent of Legendz Sports operating out of California.

### *Runners*

31.     Defendant **LEON MARK "MAKAVELLI" "MASTIFF" MORAN, JR.,** was a runner for Legendz Sports operating out of California.

32.     Neil John "Bono" Myler was a runner for Legendz Sports operating out of Texas.  He also was the personal assistant of **LUKE** and **SERENA KING**.

33.     Defendant **LUIS "BIG LOU" ROBLES** was a runner for Legendz Sports operating out of Florida.

34.     Defendant **DAVID LYNN "OB" "OBIE" ROSS** was a runner for Legendz Sports operating out of Oklahoma.

### *Bookies*

35.     Defendant **JAMES LESTER "LES" ACKER** was a bookie of Legendz Sports operating out of Oklahoma.

36.     Defendant **KELLY JAMES DORN** was a bookie of Legendz Sports operating out of Oklahoma.

37.     Defendant **TODD WILLIAM HOSS** was a bookie of Legendz Sports operating out of Oklahoma.

38.     Defendant **ROBERT ANTHONY "TONY" LAY** was a bookie of Legendz Sports operating out of Oklahoma.

39.     R. W. "Bob" P. was a bookie of Legendz Sports operating out of Oklahoma.

### Companies

The following defendant companies were used to facilitate the racketeering, illegal gambling, and money laundering activities of Legendz Sports as conduits for betting activity and the flow of money from the United States into Panama and for the flow of money from Panama back into the United States.

40.     Defendant **DATA SUPPORT SERVICES, S.A. ("DSS")**, was a company formed and registered May 26, 2003, in Panama by the law firm of defendant **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez**, at the direction of defendant **LUKE KING**. Defendant **MAXIMILLIAN "MAX" MAGNUS McLAREN, a/k/a Maximillian McLaren Magnus**, was listed as its president and a director. Defendant **MARIA "MARY NORTH" ROJAS, a/k/a Maria Isabel Rojas Mata**, was also listed as a director.

41.     Defendant **LEGENDZ GAMING, CORP., a/k/a Legendz Gamming, Corp.**, was a company formed and registered June 27, 2003, in Panama at the direction of defendant **LUKE KING**. Defendant **RIGOBERTO NOLAN, a/k/a Rigoberto Nolan Forbes**, was a director of defendant **LEGENDZ GAMING, CORP., a/k/a Legendz Gamming, Corp.**

42.     Defendant **GRUPO LEGENDZ, S.A.**, was a company formed and registered January 17, 2005, in Panama at the direction of defendant **LUKE KING**.

Defendant **RIGOBERTO NOLAN, a/k/a Rigoberto Nolan Forbes**, was a director of defendant **GRUPO LEGENDZ, S.A.**

43.    Defendant **OMNI GROUP INTERNATIONAL CORP.** ("**OMNI**") was a company formed and registered March 19, 2004, in Panama by the law firm of defendant **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez**, at the direction of defendant **LUKE KING**.   Defendant **KASSANDRA "SANDRA" BATES, a/k/a Kassandra "Sandra" Vargas, a/k/a Sandra Teresita Vargas Farrier**, was listed as a director.

44.    Defendant **GLOBAL DATA PAYMENT SERVICES, S.A.** ("**GLOBAL**"), was a company formed and registered September 3, 2004, in Panama at the direction of defendant **LUKE KING**.

45.    Defendant **JR GROUP, INC.**, was a company formed and registered January 27, 2005, in Panama by defendant **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez**, at the direction of defendant **LUKE KING**.   Defendant **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez**, was listed as a director.

46.    Defendant **DSS INTERNATIONAL, INC.** ("**DSS INTL**"), was a company formed and registered August 7, 2007, in Panama by defendant **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez**, at the direction of defendant **LUKE KING**. Defendant **MAXIMILLIAN "MAX" MAGNUS McLAREN, a/k/a Maximillian McLaren**

**Magnus**, was listed as a director.  Defendant **MARIA "MARY NORTH" ROJAS, a/k/a Maria Isabel Rojas Mata**, was also listed as its president and treasurer.

47.     Defendant **UDS INTERNATIONAL SOFTWARE, INC. ("UDS")**, was a company formed and registered August 31, 2007, in Panama by defendant **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez**, at the direction of defendant **LUKE KING**.

48.     Defendant **INVESTMENT CONSULTING SERVICES (ICS), S.A. ("ICS")**, was a company formed and registered January 7, 2010, in Panama by the law firm of defendant **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez,** at the direction of defendant **LUKE KING**.

49.     Defendant **OLMOS OVERSEAS, LTD.**, was a company formed and registered June 11, 2008, in the British Virgin Islands, maintaining bank accounts in Panama at Banco Nacional De Panama and Banco Panameno De La Vivienda, S.A., used to launder money for Legendz Sports.

50.     Defendant **REGENCY   COMMERCIAL   LIMITADA ("REGENCYCOMMERCIAL")**, was a company formed and registered on April 30, 2010, in Costa Rica.  Defendant **ARTURO GARCIA JIMÉNEZ** was the president of defendant **REGENCY COMMERCIAL**.

51.     Defendant **STARTING 5, LLC**, was a company formed and registered on July 26, 2007, in Texas.  Defendant **SERENA KING** was the president of defendant **STARTING 5, LLC**.

52.     Defendant **INTERNATIONAL GOLDSTORE, CORP. ("INTL GOLDSTORE")**, was a company formed and registered on March 30, 2005, in Panama by defendant **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez**, at the direction of defendant **LUKE KING**.

53.     Defendant **TEN GRANDCHILDREN FOUNDATION** was a company formed and registered at the direction of defendant **ROBERT JOSEPH "BOB" ROLLY**.

54.     Defendant **DIGILUME, INC.,** was a company formed and registered on August 9, 2007, by the law firm of defendant **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez**, at the direction of defendant **LUKE KING**.

55.     Defendant **PROGRAM ADVISORS, INC.,** was a company formed and registered on March 3, 2007, in Panama at the direction of defendant **LUKE KING**.

56.     Defendant **ZAPT ELECTRICAL SALES, INC.,** was a company formed and registered on November 5, 2008, in Florida at the direction of defendant **PAUL FRANCIS "FPAUL" TUCKER**.

57.     Defendant **PLPA AND ASSOCIATES, INC.,** was a company formed and registered on January 18, 2007, at the direction of defendant **PAUL FRANCIS "FPAUL" TUCKER**, who was listed as a director.

58.     Defendant **CAN-AM, LLC**, was a company formed and registered on December 1, 2009, in Colorado by defendant **DAVID GORDON**.

59. Defendant **ZIMA HOLDINGS, LLC ("ZIMA")**, was a company formed and registered on October 9, 2002, in Texas at the direction of defendant **LUKE KING**. Defendant **JOSEPH MICHAEL "JOE" "ROLLTIDE" McFADDEN** was a director and vice president.

60. Defendant **6 MONKEYS S. DE R.L.** was a company formed and registered on December 1, 2010, in Belize at the direction of defendant **LUKE KING**.

61. Defendant **STARLINK INVESTISSEMENTS, INC.**, was a company formed and registered on February 15, 2005, by the law firm of defendant **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez**, in Panama at the direction of defendant **LUKE KING**. Defendant **MAXIMILIAN "MAX" MAGNUS McLAREN, a/k/a Maximilian McLaren Magnus**, was listed as its president and a director. Defendant **MARIA "MARY NORTH" ROJAS, a/k/a Maria Isabel Rojas Mata**, was also listed as a director.

### The Enterprise

62. At least as early as 2003, and through the date of the filing of this Superseding Indictment, defendants **LUKE KING; SERENA KING; SPIROS G. "THE GREEK" ATHANAS; ROBERT JOSEPH "BOB" ROLLY; KASSANDRA "SANDRA" BATES, a/k/a Kassandra "Sandra" Vargas, a/k/a Sandra Teresita Vargas Farrier; WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES; EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO; KORY ELWIN "SKI"**

13

KORALEWSKI; MAXIMILLIAN "MAX" MAGNUS McLAREN, a/k/a Maximillian McLaren Magnus; MARIA "MARY NORTH" ROJAS, a/k/a Maria Isabel Rojas Mata; ARTURO GARCIA JIMÉNEZ; RIGOBERTO NOLAN, a/k/a Rigoberto Nolan Forbes; JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez; DAVID GORDON; JAMES FRANKLIN "FRANK" "FRANK THE BANK" ACKER III; RODGER VANPELT "DOC" BRAMLEY; KELLEY WARD "ROSEK" DIEBNER; TERRY LEE "TOP CAT" "GATO" CAMPBELL; RALPH GEORGE "GEORGIE" "RICO"" HERNANDEZ; DEREK EDWARD "D" HEWITT; JOSEPH MICHAEL "JOE" "ROLLTIDE" McFADDEN; BRUCE LANDEN "JOSE" "JOSE C" MIDDLEBROOK; GREGORY WILSON "PATCHMAIN" ROBERTS; CHRISTOPHER LEE "CT" "LIMO" "TAN" "MAGIC" TANNER; PAUL FRANCIS "FPAUL" TUCKER; ROBERT CHARLES "BOB" "FBOBV" "BINGO BOB" VANETTEN, JR.; ROBERT PAUL "BIG DOG" "CLIFF" WILSON; LEON MARK "MAKAVELLI" "MASTIFF" MORAN, JR.; LUIS "BIG LOU" ROBLES; DAVID LYNN "OB" "OBIE" ROSS; JAMES LESTER "LES" ACKER; KELLY JAMES DORN; TODD WILLIAM HOSS; ROBERT ANTHONY "TONY" LAY; DATA SUPPORT SERVICES, S.A.; LEGENDZ GAMING, CORP., a/k/a Legendz Gamming, Corp.; GRUPO LEGENDZ, S.A.; OMNI GROUP INTERNATIONAL CORP.; GLOBAL DATA PAYMENT SERVICES, S.A.; JR GROUP, INC.; DSS INTERNATIONAL, INC.; UDS INTERNATIONAL SOFTWARE, INC.;

**INVESTMENT CONSULTING SERVICES (ICS), S.A.; OLMOS OVERSEAS, LTD.; REGENCY COMMERCIAL LIMITADA; STARTING 5, LLC; INTERNATIONAL GOLDSTORE, CORP.; TEN GRANDCHILDREN FOUNDATION; DIGILUME, INC.; PROGRAM ADVISORS, INC.; ZAPT ELECTRICAL SALES, INC.; PLPA AND ASSOCIATES, INC.; CAN-AM, LLC; ZIMA HOLDINGS, LLC; 6 MONKEYS S. DE R.L.;** and **STARLINK INVESTISSEMENTS, INC.,** and others, known and unknown to the Grand Jury, constituted an "enterprise" (hereafter referred to as "Legendz Sports"), as defined by Title 18, United States Code, Section 1961(4), that is, a group of entities and individuals associated in fact. Legendz Sports constituted an ongoing organization, whose members functioned as a continuing unit, for the common purpose of achieving the objectives of Legendz Sports.  Legendz Sports was engaged in, and its activities affected, interstate and foreign commerce.

       63.    Legendz Sports operated a number of Internet websites, hosted on servers primarily located outside the United States, which did business in the United States by, among other things, offering, facilitating and conducting unlawful computer and telephone service-based sports betting, and other forms of gambling. Legendz Sports caused the operation of toll-free telephone services to facilitate sports gambling and to take sports bets.

       64.    Legendz Sports also used bookmakers ("bookies") located in the United States to illegally solicit and accept sports wagers from individuals residing in the United

States.  Legendz Sports further used bookmakers ("bookies") to settle gambling debts with individuals residing in the United States.

65.     In addition to the named defendants, members, associates, and facilities of Legendz Sports included entities used by Legendz Sports to facilitate its gambling operations, to launder funds acquired from the illegal gambling business, and to make payouts to gamblers residing in the United States and located outside the United States, in Panama, and in countries around the world.  These included:

a.     Entities that operated as fronts for or supporters of Legendz Sports, and entities whose funding and services benefitted Legendz Sports's goals, including, but not limited to, defendants **DSS**, **DSS INTL**, **ICS** and **UDS**;

b.     Entities that operated as payment processors for gamblers to receive payouts from Legendz Sports; and

c.     Domain names currently and formerly used to operate websites owned and controlled by Legendz Sports members, or otherwise used by or related to Legendz Sports, including, but not limited to: www.legendz.com, www.legends.com; www.legendzsports.com, www.betlegends.eu, www.thepig.com, www.betwalrus.com, www.islandbet.com, www.danutz.com, www.danutz.net, www.mvpplay.com, www.sportswizard.com, www.4ibet.com, www.zmvp.com, www.zzquick.com,

16

www.ibetnow.com,     www.playmvp.com,     www.betthelegend.com,
www.playlegendz.com,     www.svcdatareport.net,     www.shoobeedo.com,
www.legends.com, www.betjamaica.com, and www.olympicsports.com.

### Purposes of Legendz Sports

66.     It was a purpose of Legendz Sports to make money for Legendz Sports, its employees, members and associates, by maximizing the number of individuals in the United States who opened wagering accounts and used those accounts to place illegal bets on sports and sporting events with Legendz Sports-controlled telephone services and Internet gambling websites.

67.     It was a purpose of Legendz Sports to induce banks and financial institutions in the United States to release funds to Legendz Sports in violation of U.S. law and policies of the financial institutions by falsifying or causing the falsification of credit and debit card transactions.

68.     It was a purpose of Legendz Sports to induce various money service businesses to provide wire transfer services to Legendz Sports to enable gamblers located in the United States to fund Legendz Sports wagering accounts and to make specific wagers.

69.     It was a purpose of Legendz Sports to launder the proceeds of the illegal gambling business through transfers of funds through various entities, including payment processors and businesses appearing to be unrelated to Legendz Sports.

17

70.   It was a purpose of Legendz Sports to offer traditional gambling services to gamblers located in the United States, in violation of federal and state law.

71.   It was a purpose of Legendz Sports to evade the payment of federal wagering excise taxes due to the United States from agents and bookies of Legendz Sports.

72.   It was a purpose of Legendz Sports to evade law enforcement by maintaining the physical platform for its Internet operations at locations outside the United States.

### The Racketeering Conspiracy

73.   Beginning no later than 2003 and continuing to the present, within the Western District of Oklahoma and elsewhere,

------------------------------**BARTICE A. "LUKE" "COOL" "THE BOSS" KING;**
**SERENA MONEEQUE KING;**
**SPIROS G. "THE GREEK" ATHANAS;**
**ROBERT JOSEPH "BOB" ROLLY;**
**KASSANDRA "SANDRA" BATES,**
   a/k/a Kassandra "Sandra" Vargas,
   a/k/a Sandra Teresita Vargas Farrier;
**WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES;**
**EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO;**
**KORY ELWIN "SKI" KORALEWSKI;**
**MAXIMILLIAN "MAX" MAGNUS McLAREN,**
   a/k/a Maximillian McLaren Magnus;
**MARIA "MARY NORTH" ROJAS,**
   a/k/a Maria Isabel Rojas Mata;
**ARTURO GARCIA JIMÉNEZ;**
**RIGOBERTO NOLAN,**
   a/k/a Rigoberto Nolan Forbes;
**JAVIER ESPINOSA,**
   a/k/a Javier Espinosa Jimenez;

18

DAVID GORDON;

JAMES FRANKLIN "FRANK"
   "FRANK THE BANK" ACKER III;

RODGER VANPELT "DOC" BRAMLEY;

KELLEY WARD "ROSEK" DIEBNER;

TERRY LEE "TOP CAT" "GATO" CAMPBELL;

RALPH GEORGE "GEORGIE" "RICO" HERNANDEZ;

DEREK EDWARD "D" HEWITT;

JOSEPH MICHAEL "JOE" "ROLLTIDE"
   McFADDEN;

BRUCE LANDEN "JOSE" "JOSE C"
   MIDDLEBROOK;

GREGORY WILSON "PATCHMAIN" ROBERTS;

CHRISTOPHER LEE "CT" "LIMO" "TAN"
   "MAGIC" TANNER;

PAUL FRANCIS "FPAUL" TUCKER;

ROBERT CHARLES "BOB" "FBOBV" "BINGO BOB"
   VANETTEN, JR.;

ROBERT PAUL "BIG DOG" "CLIFF" WILSON;

LEON MARK "MAKAVELLI" "MASTIFF"
   MORAN, JR.;

LUIS "BIG LOU" ROBLES;

DAVID LYNN "OB" "OBIE" ROSS;

JAMES LESTER "LES" ACKER;

KELLY JAMES DORN;

TODD WILLIAM HOSS;

ROBERT ANTHONY "TONY" LAY;

DATA SUPPORT SERVICES, S.A.;

LEGENDZ GAMING, CORP.,
   a/k/a Legendz Gamming, Corp.;

GRUPO LEGENDZ, S.A.;

OMNI GROUP INTERNATIONAL
   CORP.;

GLOBAL DATA PAYMENT
   SERVICES, S.A.;

JR GROUP, INC.;

DSS INTERNATIONAL, INC.;

UDS INTERNATIONAL SOFTWARE,
   INC.;

INVESTMENT CONSULTING
 SERVICES (ICS), S.A.;
OLMOS OVERSEAS, LTD.;
REGENCY COMMERCIAL LIMITADA;
STARTING 5, LLC;
INTERNATIONAL GOLDSTORE, CORP.;
TEN GRANDCHILDREN FOUNDATION;
DIGILUME, INC.;
PROGRAM ADVISORS, INC.;
ZAPT ELECTRICAL SALES, INC.;
PLPA AND ASSOCIATES, INC.;
CAN-AM, LLC;
ZIMA HOLDINGS, LLC;
6 MONKEYS S. DE R.L.; and
STARLINK INVESTISSEMENTS, INC., ⸻⸻⸻⸻⸻

the defendants herein, together with other persons known and unknown to the Grand Jury,

being persons employed by and associated with Legendz Sports, did unlawfully, willfully,

and knowingly conspire and agree together with each other and with others known and

unknown to the Grand Jury to violate Title 18, United States Code, Section 1962(c), that is,

to conduct and participate, directly and indirectly, in the conduct of the affairs of Legendz

Sports through a pattern of racketeering activity consisting of multiple acts involving illegal

gambling, in violation of laws in the States of Oklahoma [21 Okl. St. Ann. §§ 982, 986 and

988]; California [Cal. Penal Code §§ 186.2 and 337a]; Colorado [Colo. Rev. Stat. § 18-10-

103 and §18-10-107]; Florida [Fla. Stat. 849.25]; Nebraska [Neb. Rev. Stat. §§ 28-1102, 28-

1103 and 28-1105]; New York [N.Y.Gen. Oblig. Law § 5-401 and N.Y. Penal Law §

225.10]; and Texas [Tex. Penal Code §§ 47.01, 47.03, ,47.04, and 47.05], and multiple acts

indictable under:

     a.     18 U.S.C. § 1084 (the Wire Wager Act);

     b.     18 U.S.C. § 1952 (Interstate Travel in Aid of a Racketeering Enterprise);

     c.     18 U.S.C. § 1955 (Operation of an Illegal Gambling Business); and

     d.     18 U.S.C. §§ 1956 and 1957 (Money Laundering).

74.     It was part of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of Legendz Sports.

### Manner, Method and Means of the Racketeering Conspiracy

75.     It was part of the conspiracy that Legendz Sports operated Internet websites and telephone gambling services from facilities physically located in Panama City, Panama. Legendz Sports took wagers almost exclusively from gamblers in the United States.

76.     It was part of the conspiracy that Legendz Sports offered numerous betting methods to its betting clients, to include, but not limited to:

     a.     "Post-Up" Betting. In "post-up" betting, a bettor had to first set up and fund an account with Legendz Sports before being allowed to place a bet. The bettor's wager limit was dictated by the amount of money in the bettor's account. The bettor did not have to meet a bookie/agent face-to-face

to place or settle a bet.  Bettors who used this method funded and settled bets as directed by Legendz Sports; and

b.      "Credit" Betting.  In "credit" betting, a bettor was allowed to place a wager without depositing money in advance.  This method of betting incorporated the use of face-to-face meetings with agents and bookies to establish an account, set a betting limit, and settle any payouts resulting from betting activity.  To facilitate this betting method, Legendz Sports used numerous agents and bookies throughout the United States.

In both "post-up" and "credit" betting Legendz Sports illegally made use of interstate and international Internet and telephone facilities to conduct its gambling operations throughout the United States and elsewhere, in violation of the laws of the United States.  Legendz Sports solicited millions of illegal bets totaling over $1,000,000,000.00 (one billion dollars) on sports and sporting events from gamblers in the United States, twenty-four hours a day, three hundred and sixty-five days a year.

77.    It was part of the conspiracy that the defendants and members of Legendz Sports instructed bettors in the United States to send, or cause money to be sent, for the purpose of opening one or more gambling accounts ("post-up" betting) with Legendz Sports.  Defendants and members of Legendz Sports instructed these bettors to use money service businesses, such as Western Union, to send money to a specific name, city, and foreign country provided by Legendz Sports in order to hide the nature of the transaction.

22

78.     It was part of the conspiracy that Legendz Sports engaged in "credit" betting, using the services of its agents, runners, and bookies to assist bettors in placing bets, to collect on losing bets, to make payouts on winning bets, to move money between agents, runners, and bookies of Legendz Sports, and to direct bettors how to make payment to Legendz Sports.  Legendz Sports agents, runners, and bookies conducted these illegal activities in the Western District of Oklahoma and in other jurisdictions across the United States.

79.     It was part of the conspiracy that members of Legendz Sports communicated regularly with one another by telephone, e-mail, text message, and in person to maintain the orderly operation of the sports betting and the orderly collection of gambling debt.

80.     It was part of the conspiracy that Legendz Sports made or caused false representations to be made in credit and debit card transactions, and made or caused false representations to be made to various money service businesses used by Legendz Sports and/or its client gamblers.

81.     It was part of the conspiracy that Legendz Sports used interstate and international telephone and computer wire communications to illegally accept and record sports wagers from gamblers in the United States and to transmit information facilitating the acceptance of illegal wagers by Legendz Sports websites and gambling telephone services.

23

82.    It was part of the conspiracy that members and associates of Legendz Sports traveled and communicated across state and national borders in aid of Legendz Sports and its operations.

83.    It was part of the conspiracy that the members and associates of Legendz Sports laundered money received by Legendz Sports in the form of illegal wagers and fees through the use of numerous shell companies.

84.    It was part of the conspiracy that members of Legendz Sports hid large sums of United States currency in and around their residences and other secure locations.

85.    It was part of the conspiracy that agents, runners, and bookies of Legendz Sports transported large sums of United States currency from the United States to Panama.

86.    It was part of the conspiracy that members and associates of Legendz Sports used the United States mail and private mail services and wire transfer services to send money from Legendz Sports components outside the United States to various recipients in the United States, and from the United States to recipients outside the United States, and between locations in the United States, to promote Legendz Sports.

## Overt Acts

87.    In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the defendants and their co-conspirators, committed, among others, the following acts within the Western District of Oklahoma and elsewhere:

24

a.     In or about 2003, MVP Sports, which had operated in Costa Rica since in or about 1996, changed its name to Legendz Sports;

b.     In or about 2003, defendant **KASSANDRA "SANDRA" BATES, a/k/a Kassandra "Sandra" Vargas, a/k/a Sandra Teresita Vargas Farrier,** became the manager of VIP Services of Legendz Sports;

c.     In or about March 2003, Legendz Sports acquired a sports book license in Costa Rica;

d.     On or about May 26, 2003, defendant **DSS** was formed and registered as a corporation in Panama;

e.     On or about June 27, 2003, defendant **LEGENDZ GAMING, CORP., a/k/a Legendz Gamming, Corp.,** was formed and registered as a corporation in Panama;

f.     On or about July 15, 2003, Legendz Sports moved its operations from Costa Rica to Panama;

g.     On or about September 22, 2003, Legendz Sports applied for a sports book license in Panama;

h.     In or about February 2004, defendant **JOSEPH MICHAEL "JOE" "ROLLTIDE" McFADDEN** attended the Super Bowl with several Legendz Sports agents;

i.  On or about March 19, 2004, defendants **SPIROS G. "THE GREEK" ATHANAS** and **LUKE KING** formalized their partnership through defendant **OMNI** when they registered it as a corporation in Panama;

j.  On or about March 19, 2004, defendant **JOSEPH MICHAEL "JOE" "ROLLTIDE" McFADDEN** and others opened a bank account for defendant **ZIMA** at Wachovia Bank;

k.  On or about May 17, 2004, defendant **ROBERT ANTHONY "TONY" LAY** collected $1,000.00 as partial payment on a gambling debt;

l.  On or about June 23, 2004, Legendz Sports acquired sports book operator's license #1 in Panama;

m.  On or about September 3, 2004, defendant **GLOBAL** was registered as a corporation in Panama;

n.  On or about October 15, 2004, defendant **ROBERT ANTHONY "TONY" LAY** arranged to pick up $1,100.00 in gambling proceeds in Oklahoma City, Oklahoma, for Legendz Sports;

o.  On or about January 17, 2005, defendant **GRUPO LEGENDZ, S.A.**, was formed and registered as a corporation in Panama;

p.  On or about January 27, 2005, defendant **JR GROUP, INC.**, was registered as a corporation in Panama;

q.    In or about January, 2006, a bookie for defendant **JAMES FRANKLIN "FRANK" "FRANK THE BANK" ACKER III** provided a login and password to a betting client to place a wager on www.betwalrus.com, a Legendz Sports website;

r.    On or about May 30, 2006, Michael Casey "Fat Mikey" "Big Mike" Lawhorn sent an email to defendant **LUKE KING** regarding gambling activity;

s.    In or about June 2006, defendants **LUKE KING, KASSANDRA "SANDRA" BATES, a/k/a Kassandra "Sandra" Vargas, a/k/a Sandra Teresita Vargas Farrier; WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES, EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO; KORY ELWIN "SKI" KORALEWSKI; MAXIMILLIAN "MAX" MAGNUS McLAREN, a/k/a Maximillian McLaren Magnus, MARIA "MARY NORTH" ROJAS, a/k/a Maria Isabel Rojas Mata, ARTURO GARCIA JIMÉNEZ,** and **RIGOBERTO NOLAN, a/k/a Rigoberto Nolan Forbes,** and others, participated in a strategic planning meeting for Legendz Sports in Cancun, Mexico;

t.    On or about June 25, 2006, defendant **ROBERT ANTHONY "TONY" LAY** received eight Western Union wires totaling $6,500.00 from Legendz Sports;

u.     On or about August 29, 2006, defendant **LEON MARK "MAKAVELLI" "MASTIFF" MORAN, JR.,** placed a call to the Legendz Sports VIP Services telephone number;

v.     On or about September 8, 2006, defendant **LEGENDZ GAMING, CORP., a/k/a Legendz Gamming, Corp.,** offered a "Hog" motorcycle as a promotional prize through the website www.ThePig.com;

w.     In or about 2007, defendant **SPIROS G. "THE GREEK" ATHANAS** loaned between $1.5 million and $3.5 million to defendant **LUKE KING** to build a call center for Legendz Sports in Panama;

x.     On or about January 3, 2007, defendant **MARIA "MARY NORTH" ROJAS, a/k/a Maria Isabel Rojas Mata,** confirmed via email that defendant **DSS** would receive a wire transfer of $173,800.00 for deposit into the account of defendant **UDS**;

y.     On or about January 30, 2007, defendant **MARIA "MARY NORTH" ROJAS, a/k/a Maria Isabel Rojas Mata,** directed defendant **RIGOBERTO NOLAN, a/k/a Rigoberto Nolan Forbes,** how to settle "markers" accounts, including the commission account of defendant **GREGORY WILSON "PATCHMAIN" ROBERTS;**

28

z.     On or about March 2, 2007, defendant **KORY ELWIN "SKI"**

**KORALEWSKI** transmitted or caused to be transmitted two checks totaling

$5,590.00 to Legendz Sports;

aa.    On or about March 2, 2007, defendant **TERRY LEE "TOP**

**CAT" "GATO" CAMPBELL** sent or caused to be sent $12,000.00 from

gambling client E.R.S. to Legendz Sports to pay a gambling debt;

bb.    On or about March 12, 2007, defendant **BRUCE LANDEN**

**"JOSE" "JOSE C" MIDDLEBROOK** directed gambling client H.E.W. to

send a check for $80,000.00 to Legendz Sports to pay a gambling debt;

cc.    On or about March 12, 2007, defendant **RALPH GEORGE**

**"GEORGIE" "RICO" HERNANDEZ** sent or caused to be sent ten checks

totaling $611,431.00 from gamblers representing gambling losses to Legendz

Sports, including two checks totaling $458,000.00 from gambling client

D.H.S.;

dd.    On or about March 13, 2007, defendant **JAVIER ESPINOSA,**

**a/k/a Javier Espinosa Jimenez,** directed the transmission of a wire transfer

from Panama to San Francisco, California, in the amount of $82,000.00

representing gambling proceeds;

ee.    On or about March 14, 2007, defendant **RALPH GEORGE**

**"GEORGIE" "RICO" HERNANDEZ** sent or caused to be sent three checks

29

totaling $93,227.00 representing gambling losses from gamblers to Legendz Sports, including one check in the amount of $70,000.00 from gambling client D.H.S.;

ff.    On or about April 9, 2007, defendant **MARIA "MARY NORTH" ROJAS, a/k/a Maria Isabel Rojas Mata**, sent defendant **EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO** an email reflecting the receipt of checks associated with certain agents of Legendz Sports;

gg.    On or about April 13, 2007, defendant **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez**, directed the transmission of a wire transfer from Panama to San Francisco, California, in the amount of $27,000.00 representing gambling proceeds;

hh.    On or about July 26, 2007, defendant **STARTING 5, LLC** was registered in Texas;

ii.    On or about August 7, 2007, Legendz Sports opened a new, state-of-the-art call center facility in Panama in the name of defendant **DSS**;

jj.    On or about August 7, 2007, defendant **DSS INTL** was registered as a corporation in Panama;

kk.    On or about August 25, 2007, defendant **SERENA KING** gave the dedication speech at the opening of the new defendant **DSS** facility;

ll.    On or about August 31, 2007, defendant **UDS** was formed and registered in Panama;

mm.    On or about October 16, 2007, defendant **LUKE KING** confirmed via email that a money wire transfer to defendant **STARLINK INVESTISSEMENTS, INC.,** should come from defendant **DSS INTL;**

nn.    On or about November 27, 2007, defendant **LUKE KING** telephonically confirmed to defendant **DEREK EDWARD "D" HEWITT** that defendant **LUIS "BIG LOU" ROBLES** was a Legendz Sports runner, picking up money on behalf of Legendz Sports;

oo.    On or about November 27, 2007, defendants **DEREK EDWARD "D" HEWITT** and **LUIS "BIG LOU" ROBLES** met at a mall in Orlando, Florida, for defendant **LUIS "BIG LOU" ROBLES** to deliver money to defendant **DEREK EDWARD "D" HEWITT;**

pp.    On or about November 29, 2007, defendant **DEREK EDWARD "D" HEWITT** telephonically informed defendant **LUKE KING** that he **(HEWITT)** was cutting off a player who was suspected of being "sharp" because the last thing he wanted was to get thrown in prison.  In gambling terminology, the term "sharp" refers to a bettor who wins too frequently;

qq.    On or about December 9, 2007, defendant **DEREK EDWARD "D" HEWITT** telephonically received "bottom line" information from

31

defendant **KASSANDRA "SANDRA" BATES, a/k/a Kassandra "Sandra" Vargas, a/k/a Sandra Teresita Vargas Farrier**, regarding two of his betting groups, "Leebo" group and "Vern" group;

rr.    In or about January, 2008, defendant **JAMES FRANKLIN "FRANK" "FRANK THE BANK" ACKER III** directed a betting client to use another Legendz Sports website, www.zzquick.com, to place wagers;

ss.    Between in or about January 2008 and January 2011, defendant **JAMES FRANKLIN "FRANK" "FRANK THE BANK" ACKER III** or defendant **JAMES LESTER "LES" ACKER** directed a betting client to use another Legendz Sports website, www.danutz.com, to place wagers;

tt.    Between in or about January 2008 and January 2011, a betting client paid defendants **JAMES FRANKLIN "FRANK" "FRANK THE BANK" ACKER III, JAMES LESTER "LES" ACKER,** and **ROBERT CHARLES "BOB" FBOBV" "BINGO BOB" VANETTEN, JR.,** for gambling losses through Legendz Sports;

uu.    In or about January 2008, defendant **ROBERT CHARLES "BOB" "FBOBV" "BINGO BOB" VANETTEN, JR.,** provided a password and login information to a betting client to place bets on a Legendz Sports website;

vv.    On or about January 7, 2008, defendant **EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO** sent a fax transmission to defendant **DEREK EDWARD "D" HEWITT** reflecting that defendant **LUKE KING** wanted defendant **LUIS "BIG LOU" ROBLES** to pick up $50,000.00 from defendant **DEREK EDWARD "D" HEWITT**;

ww.    On or about January 12, 2008, defendant **DEREK EDWARD "D" HEWITT** met defendant **LUIS "BIG LOU" ROBLES** at the Orlando International Airport to deliver $50,000.00 in cash to defendant **LUIS "BIG LOU" ROBLES** as directed by defendant **LUKE KING** and defendant **EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO**;

xx.    On or about February 20, 2008, defendant **TERRY LEE "TOP CAT" "GATO" CAMPBELL** sent or caused to be sent a $16,874.00 check from gambling client T.B. to Legendz Sports to pay a gambling debt;

yy.    On or about March 15, 2008, defendant **TODD WILLIAM HOSS** contacted Legendz Sports VIP Services to open an account for a bettor to place wagers on a Legendz Sports website;

zz.    On or about March 18, 2008, defendant **ROBERT JOSEPH "BOB" ROLLY** contacted the Legendz Sports VIP Services telephone number;

33

aaa.   On or about March 18, 2008, defendant **KELLY JAMES DORN** met a new betting client at Riverwind Casino near Norman, Oklahoma, providing the witness with a login and password to place bets on Legendz Sports website www.zzquick.com;

bbb.   On or about April 11, 2008, defendant **ROBERT PAUL "BIG DOG" "CLIFF" WILSON** sent or caused to be sent two checks from gamblers totaling $104,325.00 to Legendz Sports;

ccc.   On or about April 11, 2008, defendant **ROBERT CHARLES "BOB" "FBOBV" "BINGO BOB" VANETTEN, JR.,** collected $600.00 representing a gambling loss by a bettor;

ddd.   On or about May 9, 2008, defendant **GREGORY WILSON "PATCHMAIN" ROBERTS** contacted the Legendz Sports VIP Services telephone number twice;

eee.   On or about May 19, 2008, defendant **CHRISTOPHER "CT" "LIMO" "TAN" "MAGIC" TANNER** purchased a $1.65 million condominium in Sarasota, Florida, in the name of his wife and father-in-law using approximately $400,000.00 in gold coins as partial payment;

fff.   On or about July 29, 2008, Michael Casey "Fat Mikey" "Big Mike" Lawhorn paid a cashier's check in the amount of $83,000.00 to

defendant **INTL GOLDSTORE** for settlement of gambling debts to Legendz Sports;

ggg.  On or about August 13, 2008, defendant **LUKE KING** telephonically recruited an individual to become an agent for Legendz Sports;

hhh.  On or about August 28, 2008, defendant **TODD WILLIAM HOSS** in Oklahoma City, Oklahoma, opened a group of 25 accounts for a group known as "RW80" to place wagers on a Legendz Sports website;

iii.  On or about August 29, 2008, defendant **BRUCE LANDEN "JOSE" "JOSE C" MIDDLEBROOK** in Oklahoma City, Oklahoma, recruited an individual to become an agent of Legendz Sports.  As part of this effort, defendant **BRUCE LANDEN "JOSE" "JOSE C" MIDDLEBROOK** telephonically contacted defendant **KASSANDRA "SANDRA" BATES, a/k/a Kassandra "Sandra" Vargas, a/k/a Sandra Teresita Vargas Farrier,** for her assistance in the matter;

jjj.  On or about September 10, 2008, defendant **EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO** telephonically informed an individual that Legendz Sports had "people all over the globe" and "a great guy in Oklahoma City;"

kkk.   On or about September 16, 2008, defendant **KELLY JAMES DORN** opened a block of 25 accounts for associates of a bettor to place wagers on a Legendz Sports website;

lll.   On or about September 22, 2008, defendant **EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO** directed an agent to send an associate to conduct a monetary transaction with Legendz Sports bettor "Don" in California;

mmm. On or about September 26, 2008, defendant **KELLY JAMES DORN** accepted $4,935.00 from a bettor in Oklahoma for illegal betting through Legendz Sports;

nnn.   On or about September 28, 2008, defendant **KASSANDRA "SANDRA" BATES, a/k/a Kassandra "Sandra" Vargas, a/k/a Sandra Teresita Vargas Farrier,** provided website and telephone information to an agent for his clients to use in betting activity;

ooo.   On or about September 29, 2008, Neil John "Bono" Myler picked up $20,290.00 in gambling proceeds in Texas for  Legendz Sports;

ppp.   In or about October 2008, defendant **WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES** assisted defendant **LUKE KING** in purchasing a Hummer H2;

36

qqq.   On or about October 3, 2008, defendant **ROBERT PAUL "BIG DOG" "CLIFF" WILSON** sent or caused to be sent a check in the amount of $100,000.00 to Legendz Sports;

rrr.   On or about October 6, 2008, defendant **EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO** telephonically informed an individual that  Legendz Sports had 400 agents and approximately 250 employees at the defendant **DSS** call center;

sss.   On or about October 16, 2008, defendant **BRUCE LANDEN "JOSE" "JOSE C" MIDDLEBROOK** received a payment of $13,620.00 from a bettor in Oklahoma City, Oklahoma, for wagers lost;

ttt.   On or about October 29, 2008, defendant **DAVID LYNN "OB" "OBIE" ROSS** in  Oklahoma  City,  Oklahoma,  paid  an  individual approximately $5,643.00 for wagers won by bettors;

uuu.   On or about November 3, 2008, defendant **EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO** faxed a request to a Legendz Sports agent directing that agent to pay Legendz Sports $125,000.00 for gambling settlements;

vvv.   On or about November 10, 2008, defendant **EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO** directed an agent to have players

pay Legendz Sports via cashier's check because payment via credit card was relatively new;

www. On or about November 14, 2008, defendant **DAVID LYNN "OB" "OBIE" ROSS** in Oklahoma City, Oklahoma, paid $10,600.00 to an individual for wagers won by bettors;

xxx.   On or about November 25, 2008, Neil John "Bono" Myler paid a bettor $15,100.00 in gambling proceeds from Legendz Sports in Texas;

yyy.   On or about December 19, 2008, defendant **DAVID LYNN "OB" "OBIE" ROSS** in Oklahoma City, Oklahoma, received a payment of $3,230.00 from an individual for wagers lost by bettors;

zzz.   On or about January 12, 2009, defendant **WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES** purchased a Harley Davidson "Hog" motorcycle as a promotional item for Legendz Sports;

aaaa.   On or about January 14, 2009, defendant **RODGER VANPELT "DOC" BRAMLEY** sent or caused to be sent three checks totaling $19,839.00 to Legendz Sports.  Those checks were deposited into an account of **ICS**;

bbbb. On or about January 14, 2009, defendant **CHRISTOPHER "CT" "LIMO" "TAN" "MAGIC" TANNER** discussed Legendz Sports with

an individual, providing a login, website and telephone number for Legendz Sports;

cccc.  On or about January 21, 2009, defendant **KELLY JAMES DORN** accepted $3,500.00 from a bettor for payment on gambling losses from wagers placed on the Legendz Sports website www.zzquick.com;

dddd.  On or about January 26, 2009, defendant **GREGORY WILSON "PATCHMAIN" ROBERTS** sent or caused to be sent a check for $10,000.00 to Legendz Sports;

eeee.  On or about January 30, 2009, defendant **KASSANDRA "SANDRA" BATES, a/k/a Kassandra "Sandra" Vargas, a/k/a Sandra Teresita Vargas Farrier**, sent an email to an agent regarding modifying accounts of the agent's betting groups in Legendz Sports;

ffff.  On or about March 6, 2009, Legendz Sports opened three gambling accounts for an individual through the Legendz Sports website www.legendz.com, using MoneyGram, Western Union and the mailing of a cashier's check to fund those accounts;

gggg.  On or about March 26, 2009, Legendz Sports paid $13,475.00 to defendant **TEN GRANDCHILDREN FOUNDATION** for the benefit of defendant **ROBERT JOSEPH "BOB" ROLLY**;

39

hhhh.   On or about August 6, 2009, M.G. "Nashville" "Island" M. purchased two cashier's checks, Cashier's Check #1171500084 in the amount of $2,700.00 at Chase Bank and Cashier's Check #16018602 in the amount of $1,900.00 at McCoy Federal, payable to defendant **JR GROUP, INC.**, to pay Legendz Sports for gambling activity;

iiii.   On or about August 10, 2009, M.G. "Nashville" "Island" M. purchased Official Check #45011718 in the amount of $5,000.00 at Kennedy Space Center Federal Credit Union payable to defendant **JR GROUP, INC.**, to pay Legendz Sports for gambling activity;

jjjj.   On or about September 24, 2009, defendant **LUKE KING** directed an employee of Legendz Sports to purchase a cashier's check in the amount of $13,893.29 to defendant **EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO** and to pay $6,725.00 to defendant **EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO** on a monthly basis. Defendant **MAXMILLIAN "MAX" MAGNUS McLAREN, a/k/a Maximillian McLaren Magnus**, relayed the directive to the employee of Legendz Sports;

kkkk.   On or about October 15, 2009, defendant **RALPH GEORGE "GEORGIE" "RICO" HERNANDEZ** sent or caused to be sent four checks

to Legendz Sports totaling $61,740.00, including a check in the amount of $40,750.00;

llll.    On or about December 10, 2009, defendant **RODGER VANPELT "DOC" BRAMLEY** sent or caused to be sent three checks totaling $20,000.00 to Legendz Sports.  Those checks were deposited into an account of **JR GROUP**;

mmmm. On or about December 14, 2009, defendant **SERENA KING** listed her salary as $975,000.00 as vice president of defendant **DSS** on an application for the purchase of a Maserati Quattroporte;

nnnn.  On or about December 17, 2009, defendant **DAVID GORDON** opened an account in the name of defendant **CAN-AM, LLC**, at TCF Bank in Colorado, from which he paid gamblers of Legendz Sports;

oooo. On or about December 22, 2009, defendant **TERRY LEE "TOP CAT" "GATO" CAMPBELL** transmitted or caused to be transmitted a check in the amount of $11,365.00 to Legendz Sports;

pppp.  On or about January 2, 2010, Check No. 01894 in the amount of $16,889.60, payable to defendant **LEGENDZ GAMING, CORP.**, was issued on Global Bank Corporation, Account No. xxxxxxx0010;

qqqq.  On or about January 4, 2010, defendant **JOSEPH MICHAEL**

**"JOE" "ROLLTIDE" McFADDEN** sent or caused to be sent a check in the

amount of $7,000.00 to Legendz Sports;

rrrr.    On or about January 7, 2010, defendant **ICS** was formed and

registered as a corporation in Panama;

ssss.    On or about January 11, 2010, Check No. 01898 in the amount

of $21,285.56, payable to defendant **LEGENDZ GAMING, CORP.**, was

issued on Global Bank Corporation, Account No. xxxxxxx0010;

tttt.    On or about February 5, 2010, defendant **KELLEY WARD**

**"ROSEK" DIEBNER** traveled to Panama City, Panama, to conduct illegal

gambling business with Legendz Sports;

uuuu.  On or about March 18, 2010, defendant **RODGER VANPELT**

**"DOC" BRAMLEY** traveled to Panama City, Panama, to conduct illegal

gambling business with Legendz Sports;

vvvv.  On or about March 22, 2010, defendant **RODGER VANPELT**

**"DOC" BRAMLEY** sent or caused to be sent four checks totaling $22,446.00

to Legendz Sports.  Those checks were deposited into an account of **ICS**;

wwww. On or about April 5, 2010, defendant **LUKE KING** directed

an employee of Legendz Sports to prepare a $45,000.00 check payable to

"Invesco AIM Investment Services" from the proceeds of Legendz Sports;

42

xxxx. On or about April 20, 2010, defendant **MAXIMILLIAN "MAX" MAGNUS McLAREN, a/k/a Maximillian McLaren Magnus**, directed defendant **MARIA "MARY NORTH" ROJAS, a/k/a Maria Isabel Rojas Mata**, and others to move $100,000.00 from defendant **UDS** to defendant **DSS INTL**;

yyyy. On or about April 28, 2010, defendant **KASSANDRA "SANDRA" BATES, a/k/a Kassandra "Sandra" Vargas, a/k/a Sandra Teresita Vargas Farrier**, sent an email to an agent regarding Legendz Sports;

zzzz. In or about June 2010, Legendz Sports maintained the website name www.legends.com, using that website for the Internet gambling business;

aaaaa. On or about June 4, 2010, defendant **EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO** received a check from defendant **DSS** in the amount of $6,725.00;

bbbbb. On or about June 4, 2010, defendant **LUKE KING** or defendant **SERENA KING** disposed of a trash bag full of money wrappers believed to have contained cash proceeds derived from gambling activity;

ccccc. On or about June 18, 2010, defendant **LUKE KING** or defendant **SERENA KING** disposed of four Ziploc bags marked "$34.00,"

"$80.00," "140.00," and "$440.00" believed to have contained cash proceeds derived from gambling activity;

ddddd. On or about August 6, 2010, defendant **ARTURO GARCIA JIMÉNEZ** directed the transfer of $54,790.00 to defendant **REGENCY COMMERCIAL**;

eeeee. On or about August 19, 2010, defendant **SERENA KING** listed her salary as $975,000.00 as vice president of defendant **DSS** on an application for the lease of a 2010 Cadillac Escalade;

fffff. On or about October 27, 2010, defendant **ARTURO GARCIA JIMÉNEZ** directed the transfer of $14,727.00 to defendant **UDS**;

ggggg. On or about January 1, 2011, a bettor paid defendant **JAMES LESTER "LES" ACKER** $4,000.00 in cash for gambling losses through Legendz Sports.

hhhhh. In or about February 2011, defendant **LEON MARK "MAKAVELLI" "MASTIFF" MORAN, JR.,** attended the Legendz Sports Super Bowl party in Panama City, Panama;

iiiii. On or about February 21, 2011, Michael Casey "Fat Mikey" "Big Mike" Lawhorn discussed with an individual the ease of operating the Internet gambling business in Panama;

jjjjj. On or about August 24, 2011, defendant **PAUL FRANCIS "FPAUL" TUCKER** assumed the additional responsibility for online poker with Legendz Sports;

kkkkk. Between on or about September 8, 2011, and September 29, 2011, Legendz Sports opened an account for a bettor through the Legendz Sports website, www.legends.com, and the bettor funded the account using MoneyGram, Western Union, VISA, and the mailing of cashier's checks;

lllll. On or about September 9, 2011, defendant **JAMES LESTER "LES" ACKER** traveled to Panama City, Panama, to conduct illegal gambling business with Legendz Sports;

mmmmm. On or about October 6, 2011, defendant **KELLEY WARD "ROSEK" DIEBNER** delivered two cashiers checks totaling $80,000.00 payable to **ICS** to Neil John "Bono" Myler for the payment of gambling debts owed to Legendz Sports;

nnnnn. On or about December 1, 2011, defendant **PAUL FRANCIS "FPAUL" TUCKER** sent or caused to be sent a check to defendant **OLMOS OVERSEAS, LTD.** in the amount of $9,210.00 drawn on the account of defendant **ZAPT ELECTRICAL SALES, INC.**;

ooooo. On or about February 2, 2012, defendant **GREGORY WILSON "PATCHMAIN" ROBERTS** traveled to Panama to conduct business with Legendz Sports;

ppppp. On or about February 20, 2012, **KELLEY WARD "ROSEK" DIEBNER** delivered three $45,000.00 cashiers checks payable to **ICS, OLMOS OVERSEAS, LTD.,** and Fundacion Los Olivos, respectively, to Neil John "Bono" Myler for the payment of gambling debts to Legendz Sports;

qqqqq. On or about February 21, 2012, defendant **DAVID GORDON** issued a TCF Bank check in the amount of $2,105.60 from the defendant **CAN-AM, LLC** account for the payment of gambling winnings to a bettor;

rrrrr. On or about August 24, 2012, defendant **PAUL FRANCIS "FPAUL" TUCKER** sent or caused to be sent a check to defendant **ICS** in the amount of $5,000.00 drawn on the account of defendant **ZAPT ELECTRICAL SALES, INC.,** representing gambling proceeds of Legendz Sports; and

sssss. On or about January 31, 2013, defendant **GREGORY WILSON "PATCHMAIN" ROBERTS** maintained a website for his company, Greg Roberts' National Consensus Sports Handicapping, listing 256-546-4080 as his telephone number and Legendz Sports as a recommended sports book.

All in violation of Title 18, United States Code, Section 1962(d).

46

## COUNT 2

### (Illegal Gambling Business)

88. The Grand Jury realleges and incorporates Paragraphs 1 through 86 of this Superseding Indictment as though fully set forth herein.

89. From in or about 2003, and continuously thereafter up to and including the date of this Superseding Indictment,

-------------------------- BARTICE A. "LUKE" "COOL" "THE BOSS" KING;
SERENA MONEEQUE KING;
SPIROS G. "THE GREEK" ATHANAS;
ROBERT JOSEPH "BOB" ROLLY;
KASSANDRA "SANDRA" BATES,
    a/k/a Kassandra "Sandra" Vargas,
    a/k/a Sandra Teresita Vargas Farrier;
WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES;
EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO;
KORY ELWIN "SKI" KORALEWSKI;
MAXIMILLIAN "MAX" MAGNUS McLAREN,
    a/k/a Maximillian McLaren Magnus;
MARIA "MARY NORTH" ROJAS,
    a/k/a Maria Isabel Rojas Mata;
ARTURO GARCIA JIMÉNEZ;
RIGOBERTO NOLAN,
    a/k/a Rigoberto Nolan Forbes;
JAVIER ESPINOSA,
    a/k/a Javier Espinosa Jimenez;
DAVID GORDON;
JAMES FRANKLIN "FRANK"
    "FRANK THE BANK" ACKER III;
RODGER VANPELT "DOC" BRAMLEY;
KELLEY WARD "ROSEK" DIEBNER;
TERRY LEE "TOP CAT" "GATO" CAMPBELL;
RALPH GEORGE "GEORGIE" "RICO" HERNANDEZ;
DEREK EDWARD "D" HEWITT;

47

JOSEPH MICHAEL "JOE" "ROLLTIDE"
    McFADDEN;
BRUCE LANDEN "JOSE" "JOSE C"
    MIDDLEBROOK;
GREGORY WILSON "PATCHMAIN" ROBERTS;
CHRISTOPHER LEE "CT" "LIMO" "TAN"
    "MAGIC" TANNER;
PAUL FRANCIS "FPAUL" TUCKER;
ROBERT CHARLES "BOB" "FBOBV" "BINGO BOB"
    VANETTEN, JR.;
ROBERT PAUL "BIG DOG" "CLIFF" WILSON;
LEON MARK "MAKAVELLI" "MASTIFF"
    MORAN, JR.;
LUIS "BIG LOU" ROBLES;
DAVID LYNN "OB" "OBIE" ROSS;
JAMES LESTER "LES" ACKER;
KELLY JAMES DORN;
TODD WILLIAM HOSS; and
ROBERT ANTHONY "TONY" LAY; ----------------------------

the defendants herein, together with other persons known and unknown to the Grand Jury,

knowingly and intentionally did conduct, finance, manage, supervise, direct and own all or

part of an illegal gambling business, to-wit:  a gambling business involving sports betting via

telephone and Internet computer communications and with bookmakers, which gambling

business was a violation of the laws of the States of Oklahoma [21 Okl. St. Ann. §§ 982, 986,

and 988]; California [Cal. Penal Code §§ 186.2 and 337a]; Colorado [Colo. Rev. Stat. § 18-

10-103 and §18-10-107]; Florida [Fla. Stat. § 849.25]; Nebraska [Neb. Rev. Stat. §§ 28-1102,

28-1103 and 28-1105]; New York [N.Y.Gen. Oblig. Law § 5-401 and N.Y. Penal Law §

225.10]; and Texas [Tex. Penal Code §§ 47.01, 47.03, 47.04 and 47.05], and which involved

five or more persons who conducted, financed, managed, supervised, directed and owned all

48

or part of said illegal gambling business, and which remained in substantially continuous

operation for a period in excess of thirty days and which had a gross revenue in excess of

$2,000.00 in any single day.

All in violation of Title 18, United States Code, Section 1955; and Title 18,

United States Code, Section 2.

## COUNT 3

### (Conspiracy to Commit Money Laundering)

90.    The Grand Jury realleges and incorporates by reference Paragraphs 1-86

and 88 of this Superseding Indictment as though fully set forth herein.

91.    Beginning in or about 2003 and continuing to the present, in the Western

District of Oklahoma and elsewhere,

————————————— BARTICE A. "LUKE" "COOL" "THE BOSS" KING;
　　　　　　　　SERENA MONEEQUE KING;
　　　　　　　　SPIROS G. "THE GREEK" ATHANAS;
　　　　　　　　ROBERT JOSEPH "BOB" ROLLY;
　　　　　　　　KASSANDRA "SANDRA" BATES,
　　　　　　　　　　a/k/a Kassandra "Sandra" Vargas,
　　　　　　　　　　a/k/a Sandra Teresita Vargas Farrier;
　　　　　　　　WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES;
　　　　　　　　EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO;
　　　　　　　　KORY ELWIN "SKI" KORALEWSKI;
　　　　　　　　MAXIMILLIAN "MAX" MAGNUS McLAREN,
　　　　　　　　　　a/k/a Maximillian McLaren Magnus;
　　　　　　　　MARIA "MARY NORTH" ROJAS,
　　　　　　　　　　a/k/a Maria Isabel Rojas Mata;
　　　　　　　　ARTURO GARCIA JIMÉNEZ;
　　　　　　　　RIGOBERTO NOLAN,
　　　　　　　　　　a/k/a Rigoberto Nolan Forbes;

49

JAVIER ESPINOSA,
    a/k/a Javier Espinosa Jimenez;
DAVID GORDON;
JAMES FRANKLIN "FRANK"
    "FRANK THE BANK" ACKER III;
RODGER VANPELT "DOC" BRAMLEY;
KELLEY WARD "ROSEK" DIEBNER;
TERRY LEE "TOP CAT" "GATO" CAMPBELL;
RALPH GEORGE "GEORGIE" "RICO" HERNANDEZ;
DEREK EDWARD "D" HEWITT;
JOSEPH MICHAEL "JOE" "ROLLTIDE"
    McFADDEN;
BRUCE LANDEN "JOSE" "JOSE C"
    MIDDLEBROOK;
GREGORY WILSON "PATCHMAIN" ROBERTS;
CHRISTOPHER LEE "CT" "LIMO" "TAN"
    "MAGIC" TANNER;
PAUL FRANCIS "FPAUL" TUCKER;
ROBERT CHARLES "BOB" "FBOBV" "BINGO BOB"
    VANETTEN, JR.;
ROBERT PAUL "BIG DOG" "CLIFF" WILSON;
LEON MARK "MAKAVELLI" "MASTIFF"
    MORAN, JR.;
LUIS "BIG LOU" ROBLES;
DAVID LYNN "OB" "OBIE" ROSS;
JAMES LESTER "LES" ACKER;
KELLY JAMES DORN;
TODD WILLIAM HOSS;
ROBERT ANTHONY "TONY" LAY;
DATA SUPPORT SERVICES, S.A.;
LEGENDZ GAMING, CORP.,
    a/k/a Legendz Gamming, Corp.;
GRUPO LEGENDZ, S.A.;
OMNI GROUP INTERNATIONAL
    CORP.;
GLOBAL DATA PAYMENT
    SERVICES, S.A.;
JR GROUP, INC.;
DSS INTERNATIONAL, INC.;
UDS INTERNATIONAL SOFTWARE,

50

INC.;
INVESTMENT CONSULTING
    SERVICES (ICS), S.A.;
OLMOS OVERSEAS, LTD.;
REGENCY COMMERCIAL LIMITADA;
STARTING 5, LLC;
INTERNATIONAL GOLDSTORE, CORP.;
TEN GRANDCHILDREN FOUNDATION;
DIGILUME, INC.;
PROGRAM ADVISORS, INC.;
ZAPT ELECTRICAL SALES, INC.;
PLPA AND ASSOCIATES, INC.;
CAN-AM, LLC;
ZIMA HOLDINGS, LLC;
6 MONKEYS S. DE R.L.; and
STARLINK INVESTISSEMENTS, INC.,  ------------------------

the defendants herein, did knowingly and interdependently combine, conspire, and agree with

each other and with other persons known and unknown to the Grand Jury to commit offenses

against the United States in violation of Title 18, United States Code, Sections 1956 and

1957, to-wit:

      a.    To knowingly conduct and attempt to conduct financial

transactions affecting interstate and foreign commerce, which involved the

proceeds of specified unlawful activities, that is, a racketeering conspiracy in

violation of Title 18, United States Code, Section 1962(d) for the purpose of

conducting an illegal gambling business in violation of Title 18, United States

Code, Sections 1084, 1952, and 1955, and operating an illegal gambling

business in violation of Title 18, United States Code, Section 1955, knowing

that the transactions were intended to promote the carrying on of specified unlawful activity, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i), and Title 18, United States Code, Section 2;

        b.     To knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which involved the proceeds of specified unlawful activities, that is a racketeering conspiracy in violation of Title 18, United States Code, Section 1962(d) for the purpose of conducting an illegal gambling business in violation of Title 18, United States Code, Sections 1084, 1952, and 1955, and operating an illegal gambling business in violation of Title 18, United States Code, Section 1955, knowing that the transactions were designed in whole or in part to conceal and disguise the source, ownership and control of the proceeds of said specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew the property involved represented the proceeds of some form of unlawful activity in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i), and Title 18, United States Code, Section 2;

52

c.    To knowingly transport, transmit and transfer monetary instruments and funds from places in the United States to places outside the United States and from places outside the United States to places inside the United States to promote the carrying on of the racketeering and illegal gambling activity, in violation of Title 18, United States Code, Section 1956(a)(2)(A), and Title 18, United States Code, Section 2;

d.    To knowingly transport, transmit and transfer monetary instruments and funds from places in the United States to places outside the United States and from places outside the United States to places inside the United States, knowing that the monetary instruments and funds represented the proceeds of racketeering and illegal gambling activity and that the transportations, transmissions, and transfers were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the racketeering and illegal gambling activity in violation of Title 18, United States Code, Sections 1962(d) and 1955, in violation of Title 18, United States Code, Section 1956(a)(2)(B), and Title 18, United States Code, Section 2; and

e.    To knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value of greater than

$10,000.00, that is, the wire transfers, cashier's checks, and personal checks in excess of $10,000.00, such property having been derived from a specified unlawful activity, that is a racketeering conspiracy in violation of Title 18, United States Code, Section 1962(d) for the purpose of conducting an illegal gambling business in violation of Title 18, United States Code, Sections 1084, 1952, and 1955, and operating an illegal gambling business in violation of Title 18, United States, Code, Section 1955, in violation of Title 18, United States Code, Section 1957, and Title 18, United States Code, Section 2.

### Manner and Means

92.     It was part of the conspiracy that the defendants utilized proceeds from Legendz Sports to conduct financial and monetary transactions that resulted in transfers of funds (1) within the United States between individual defendants and/or bettors and agents, (2) from the United States to "offshore companies" including Panamanian shell companies and other offshore entities, (3) from "offshore companies" including Panamanian entities back to the United States, and (4) within and between offshore companies, including Panamanian entities.  These transfers were in the form of cash, wire transfers, personal and business checks, cashier's checks, credit cards, Western Union wires, MoneyGrams, and money orders.  Withdrawals of proceeds from offshore entities were made by defendants to pay gambling settlements, to operate the illegal gambling business, to distribute profits, and to fund purchases of personal assets such as homes and vehicles.  During the course of the

54

conspiracy, these transfers of Legendz Sports funds by defendants were in excess of $35,000,000.00.

93.     It was further part of the conspiracy that, upon establishing a gambling account with Legendz Sports, defendants offered the client numerous methods to fund such gambling accounts, including, but not limited to, credit cards, debit cards, "MoneyGrams," and Western Union wire transfers.

94.     Defendants caused agents, runners, bookies, and bettors to transfer gambling funds among themselves within the United States. For example, bettors would remit cashier's checks, personal and business checks, or cash representing settlement amounts from their unsuccessful gambling activities to Legendz Sports agents, runners, and bookies. Legendz Sports agents, runners, bookies, and other representatives would remit funds representing winnings to successful bettors.

95.     Defendants would also instruct Legendz Sports agents, runners, bookies, and bettors in the United States and other locations to pay gambling settlements by funds transfers to "shell companies" which were set up offshore to process these payments. Those companies included, but were not limited to, defendants **JR GROUP, INC., ICS, REGENCY COMMERCIAL, INTL GOLDSTORE,** and **OLMOS OVERSEAS, LTD.**

96.     Defendants would transfer funds paid to these offshore "shell companies" earned from the gambling enterprise to other offshore companies controlled by

defendants **LUKE KING** and **JAVIER ESPINOSA, a/k/a Javier Espinosa Jimenez**, for the purpose of operating the illegal gambling business.

97.    Upon request by bettors for payouts on their gambling accounts, defendants would take funds from Legendz Sports and transmit them to "payment processor" companies, including companies owned by defendant **DAVID GORDON**. Defendant **GORDON**'s companies included defendant **CAN-AM, LLC**. In turn, these "payment processor" companies would remit checks to individual bettors for the sums representing payouts from Legendz Sports.

98.    Profits from Legendz Sports were used by the defendants for their personal benefit, including the purchase of such items as extravagant homes and luxury vehicles.

### Transactions from a Place in the United States to Panama

99.    From in or about September 2007 through in or about August 2012, ten bettors and agents, including defendants **PAUL FRANCIS "FPAUL" TUCKER**, **ROBERT PAUL "BIG DOG" "CLIFF" WILSON**, and **ZAPT ELECTRICAL SALES, INC.**, caused the aggregate amount of approximately $590,000.00 to be transmitted and transferred by personal checks and cashier's checks from the United States to defendant **ICS**, a shell company established in Panama to process gambling settlements for Legendz Sports.

100.    From in or about December 2007 through in or about July 2008, six bettors and agents, including Michael Casey "Fat Mikey" "Big Mike" Lawhorn, caused the

aggregate amount of approximately $148,000.00 to be transmitted and transferred by personal checks and cashier's checks from the United States to defendant **INTL GOLDSTORE**, a shell company established in Panama to process gambling settlements for Legendz Sports.

101.   From in or about November 2007 through in or about December 2010, twelve bettors and agents, including Michael Casey "Fat Mikey" "Big Mike" Lawhorn caused the aggregate amount of approximately $200,000.00 to be transmitted and transferred by personal checks and cashier's checks from the United States to defendant **JR GROUP, INC.**, a shell company established in Panama to process gambling settlements for Legendz Sports.

102.   From in or about April 2010 through in or about August 2010, five bettors and agents, including defendant **ARTURO GARCIA JIMÉNEZ** caused the aggregate amount of approximately $190,000.00 to be transmitted and transferred by wire transfers, personal checks, and cashier's checks from the United States to defendant **REGENCY COMMERCIAL**, a shell company established in Panama to process gambling settlements for Legendz Sports.

103.   From in or about August 2010 through in or about October 2010, defendant **ARTURO GARCIA JIMÉNEZ** caused the aggregate amount of approximately $96,000.00 to be transmitted and transferred by three wire transfers from the United States to defendants **REGENCY COMMERCIAL** and **UDS**, offshore shell companies established

57

to process gambling settlements for Legendz Sports.

104.   From in or about December 2011 through in or about January 2012, one bettor and one agent, defendants **PAUL FRANCIS "FPAUL" TUCKER** and **ZAPT ELECTRICAL SALES, INC.**, caused the aggregate amount of approximately $70,000.00 to be transmitted and transferred by personal checks and cashier's checks from the United States to defendant **OLMOS OVERSEAS, LTD.**, a shell company established in Panama to process gambling settlements for Legendz Sports.

### *Transactions from Panama to a Place in the United States*

105.   From in or about January 2010 through in or about May 2012, multiple wire transfers in the aggregate amount of approximately $15 million were transmitted from foreign currency exchanges to bank accounts of payment processor companies owned and controlled by defendant **DAVID GORDON** which were located in the United States, including bank accounts of defendant **CAN-AM, LLC**.  During this time, a gambling settlement was paid on behalf of Legendz Sports to a bettor from a bank account in the name of defendant **CAN-AM, LLC.**

106.   From in or about January 2005 through in or about April 2012, defendants caused at least $1.8 million in proceeds of illegal racketeering and gambling activity from Legendz Sports to be transported and transferred from offshore entities to accounts in the United States to be used for payroll, including the following activity:

| DEFENDANT | DATE | FROM | TO | AMOUNT |
|---|---|---|---|---|
| KORY ELWIN "SKI" KORALEWSKI | 1/19/05 - 12/12/08 | Bank accounts in Panama | Wells Fargo Bank accounts in Texas | $202,510.00 |
| LUKE KING and SERENA KING | 6/13/05 - 4/9/12 | Bank accounts in Panama | Bank accounts in Texas | $1,514,560.30 |
| ROBERT ANTHONY "TONY" LAY | 3/11/06 - 6/25/06 | Western Union processor in Panama | Western Union processor in Moore, Oklahoma | $8,500.00 |
| EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO | 9/24/09 - 7/28/10 | Bank accounts in Panama | Wells Fargo Bank accounts in Texas | $158,143.29 |

### *Transactions from Jamaica to a Place in the United States*

107.    From in or around March 31, 2008, through in or around October 31, 2012, defendant **SPIROS G. "THE GREEK" ATHANAS** transferred a total of $3,349,650.00 from a bank account in Jamaica to a bank account in New Hampshire.

All in violation of Title 18, United States Code, Section 1956(h).

### COUNTS 4 TO 16

### (Money Laundering - Monetary Transactions)

108.    The Grand Jury realleges and incorporates by reference Paragraphs 1-86 and 90-105 of this Superseding Indictment as though fully set forth herein.

109.    On or about the dates set forth below, within the United States, using funds, in part, representing the proceeds of racketeering activity in the Western District of Oklahoma, defendants **LUKE KING, SERENA KING, SPIROS G. "THE GREEK" ATHANAS, WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES, STARTING 5, LLC,** and **OLMOS OVERSEAS, LTD.**, did knowingly engage and attempt to engage in the following monetary transactions, by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000.00, that is, the transfer of funds, such property having been derived from a specified unlawful activity, that is, a racketeering conspiracy and operating an illegal gambling business, in violation of Title 18, United States Code, Sections 1962(d) and 1955:

**Property Taxes for Home**

| COUNT | DEFENDANT | DATE | AMOUNT | PAYEE | SOURCE OF FUNDS |
|-------|-----------|------|--------|-------|-----------------|
| 4 | LUKE KING | 11/8/10 | $42,142.26 | J.R. Moore, Jr. Property Taxes (2 Palmer Crest) | Banco General CC #372280411 |

## Purchases of Rental Properties

| COUNT | DEFENDANT | DATE | AMOUNT | PAYEE | SOURCE OF FUNDS |
|---|---|---|---|---|---|
| 5 | **LUKE KING** | 11/25/08 | $16,300.70 | Harold D. & Faye L. Thompson (82 Blue Creek Road) | Bartice A. King and Serena M. King, debit from Wachovia Bank Acct. ending in 6532 |
| 6 | **LUKE KING, SERENA KING, and STARTING 5, LLC** | 4/28/10 | $158,705.01 | Charter Title Co. (22 Nestlewood Place) | Bartice A. King and Serena M. King, Wachovia Bank Acct. ending in 6532, CC # 1700821543 |
| 7 | **LUKE KING, SERENA KING, and STARTING 5, LLC** | 7/9/10 | $157,500.00 | Charter Title Co. (30 Nestlewood Place) | Banvivienda Bank Panama Ck# 1366 |
| 8 | **LUKE KING, SERENA KING, and STARTING 5, LLC** | 9/1/11 | $25,000.00 | Courtney Williams (206 N. Vesper Bank Circle) | Starting 5 LLC and Serena M. King Amegy Bank of Texas Acct. ending in 5494, CC #471487 |

| COUNT | DEFENDANT | DATE | AMOUNT | PAYEE | SOURCE OF FUNDS |
|---|---|---|---|---|---|
| 9 | LUKE KING, SERENA KING, STARTING 5, LLC, and OLMOS OVERSEAS, LTD. | 12/9/11 | $102,485.00 | Wire Transfer to First American Title Co. (206 N. Vesper Bank Circle) | Olmos Overseas, Ltd., Banco Panameno De La Vivienda, S.A., Acct. ending in 6842 |

**Purchase of Motorcycle**

| COUNT | DEFENDANT | DATE | AMOUNT | PAYEE | SOURCE OF FUNDS |
|---|---|---|---|---|---|
| 10 | LUKE KING and WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES | 1/6/09 | $14,385.59 | Bruce Rossmeyer Harley-Davidson | Global Bank Corporation, Wachovia Bank, NA, Acct. ending in 4138 , Ck. # 13710 |

**Retirement Fund**

| COUNT | DEFENDANT | DATE | AMOUNT | PAYEE | SOURCE OF FUNDS |
|---|---|---|---|---|---|
| 11 | **LUKE KING** | 4/15/08 | $45,000.00 | Invesco AIM | Bartice A. King and Serena M. King, Wachovia Bank, N.A., Acct. ending in 6532, Ck # 1029 |
| 12 | **LUKE KING** | 3/13/09 | $46,000.00 | Invesco AIM | Global Bank Corporation, Wachovia Bank, N.A., Acct. ending in 4138, Ck # 014284 |

**Property Remodeling**

| COUNT | DEFENDANT | DATE | AMOUNT | PAYEE | SOURCE OF FUNDS |
|---|---|---|---|---|---|
| 13 | **SPIROS G. "THE GREEK" ATHANAS** | 4/7/08 | $46,000.00 | Designworks Homebuilders, LLC | Spiros Athanas Laconia Savings Bank, Acct. ending in 7707, Ck #121 |

| COUNT | DEFENDANT | DATE | AMOUNT | PAYEE | SOURCE OF FUNDS |
|-------|-----------|------|--------|-------|-----------------|
| 14 | **SPIROS G. "THE GREEK" ATHANAS** | 5/14/08 | $122,556.91 | Designworks Homebuilders, LLC | Spiros Athanas Laconia Savings Bank, Acct. ending in 7707, Ck #130 |
| 15 | **SPIROS G. "THE GREEK" ATHANAS** | 8/26/08 | $140,658.09 | Designworks Homebuilders, LLC | Spiros Athanas Laconia Savings Bank, Acct. ending in 7707, Ck #139 |

**Purchase of Hangar**

| COUNT | DEFENDANT | DATE | AMOUNT | PAYEE | SOURCE OF FUNDS |
|-------|-----------|------|--------|-------|-----------------|
| 16 | **SPIROS G. "THE GREEK" ATHANAS** | 10/7/09 | $180,000.00 | Morris Gordon | Spiros Athanas Laconia Savings Bank, Acct. ending in 7707, Ck #176 |

All in violation of Title 18, United States Code, Section 1957; and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION 1
### (Racketeering Conspiracy Offense)

110.    The allegations contained in Count 1 of this Superseding Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1963; and Title 28, United States Code, Section 2461(c).  Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963, in the event of any defendant's conviction under Count 1 of this Superseding Indictment.

111.    The defendants,

-------------------------- BARTICE A. "LUKE" "COOL" "THE BOSS" KING;
SERENA MONEEQUE KING;
SPIROS G. "THE GREEK" ATHANAS;
ROBERT JOSEPH "BOB" ROLLY;
KASSANDRA "SANDRA" BATES,
    a/k/a Kassandra "Sandra" Vargas,
    a/k/a Sandra Teresita Vargas Farrier;
WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES;
EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO;
KORY ELWIN "SKI" KORALEWSKI;
MAXIMILLIAN "MAX" MAGNUS McLAREN,
    a/k/a Maximillian McLaren Magnus;
MARIA "MARY NORTH" ROJAS,
    a/k/a Maria Isabel Rojas Mata;
ARTURO GARCIA JIMÉNEZ;
RIGOBERTO NOLAN,
    a/k/a Rigoberto Nolan Forbes;
JAVIER ESPINOSA,
    a/k/a Javier Espinosa Jimenez;
DAVID GORDON;

JAMES FRANKLIN "FRANK"
    "FRANK THE BANK" ACKER III;
RODGER VANPELT "DOC" BRAMLEY;
KELLEY WARD "ROSEK" DIEBNER;
TERRY LEE "TOP CAT" "GATO" CAMPBELL;
RALPH GEORGE "GEORGIE" "RICO" HERNANDEZ;
DEREK EDWARD "D" HEWITT;
JOSEPH MICHAEL "JOE" "ROLLTIDE"
    McFADDEN;
BRUCE LANDEN "JOSE" "JOSE C"
    MIDDLEBROOK;
GREGORY WILSON "PATCHMAIN" ROBERTS;
CHRISTOPHER LEE "CT" "LIMO" "TAN"
    "MAGIC" TANNER;
PAUL FRANCIS "FPAUL" TUCKER;
ROBERT CHARLES "BOB" "FBOBV" "BINGO BOB"
    VANETTEN, JR.;
ROBERT PAUL "BIG DOG" "CLIFF" WILSON;
LEON MARK "MAKAVELLI" "MASTIFF"
    MORAN, JR.;
LUIS "BIG LOU" ROBLES;
DAVID LYNN "OB" "OBIE" ROSS;
JAMES LESTER "LES" ACKER;
KELLY JAMES DORN;
TODD WILLIAM HOSS;
ROBERT ANTHONY "TONY" LAY;
DATA SUPPORT SERVICES, S.A.;
LEGENDZ GAMING, CORP.,
    a/k/a Legendz Gamming, Corp.;
GRUPO LEGENDZ, S.A.;
OMNI GROUP INTERNATIONAL
    CORP.;
GLOBAL DATA PAYMENT
    SERVICES, S.A.;
JR GROUP, INC.;
DSS INTERNATIONAL, INC.;
UDS INTERNATIONAL SOFTWARE,
    INC.;
INVESTMENT CONSULTING
    SERVICES (ICS), S.A.;

**OLMOS OVERSEAS, LTD.;**
**REGENCY COMMERCIAL LIMITADA;**
**STARTING 5, LLC;**
**INTERNATIONAL GOLDSTORE, CORP.;**
**TEN GRANDCHILDREN FOUNDATION;**
**DIGILUME, INC.;**
**PROGRAM ADVISORS, INC.;**
**ZAPT ELECTRICAL SALES, INC.;**
**PLPA AND ASSOCIATES, INC.;**
**CAN-AM, LLC;**
**ZIMA HOLDINGS, LLC;**
**6 MONKEYS S. DE R.L.; and**
**STARLINK INVESTISSEMENTS, INC.,** ------------------------

a.    Have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b.    Have an interest in, security of, claims against, and property and contractual rights which afford a source of influence over, the enterprise named and described herein which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and

c.    Have property constituting and derived from proceeds obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, which property is subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(3).

112.    The interests of the defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1), (a)(2), (a)(3), include but are not limited to at least $1,000,000,000.00 and all interests and proceeds traceable thereto, including but not limited to the following assets:

(1)     2 Palmer Crest, Spring, Texas, also described as Lot 1, Block 2, The Woodlands, Village of Cochrans Crossing, Section 55, Partial Replat of Blocks 2, 3, & 4, an addition in Montgomery County, Texas;

(2)     86 Blue Creek Place, Spring, Texas, also described as Lot 34, in Block 1, of the Woodlands Village of Sterling Ridge, Section 14, a subdivision in Montgomery County, Texas;

(3)     82 Blue Creek Place, Spring, TX, also described as Lot 33, in Block 1, of the Woodlands Village of Sterling Ridge, Section 14, a subdivision in Montgomery County, Texas;

(4)     22 Nestlewood Place, The Woodlands, Texas, also described as Lot 60, in Block 1, of the Woodlands Village of Sterling Ridge, Section 60, a subdivision in Montgomery County, Texas;

(5)     30 Nestlewood Place, The Woodlands, Texas, also described as Lot 59, in Block 1, of the Woodlands Village of Sterling Ridge, Section 60, a subdivision in Montgomery County, Texas;

(6)     12113 Breckenridge Road, Groveland, California, also described as Lot 22 as shown on map entitled Pine Mountain Lake Unit No. 13, which map was filed in the Office of the County Recorder of said county on August 31, 1970, in book 6 at page 39 of Subdivisions, Assessor's Parcel Number 09418001;

(7)     206 North Vesper Bend Circle, Spring, Texas, also described as Lot 2, in Block 1, of The Woodlands Village of Sterling Ridge, Section 30, a subdivision in Montgomery County, Texas;

(8)    AmegyBank of Texas Account # 0053616878 in the names of Bartice A. and Serena M. King;

(9)    AmegyBank of Texas Account # 0053616894 in the names of Bartice A. and Serena M. King;

(10)    AmegyBank of Texas Account #0030095494 in the name of Starting 5, L.L.C.;

(11)    AmegyBank of Texas Account # 0060722316 in the names of Serena M. King and Julian Samuel King;

(12)    AmegyBank of Texas Account # 0060722324 in the names of Serena M. King and Skyler Isabella Morgan King;

(13)    AmegyBank of Texas Account # 0060722332 in the names of Serena M. King and Alexis Angelena Le-Faye King;

(14)    AmegyBank of Texas Account # 0060722340 in the names of Serena M. King and Aaliyah Jordan King;

(15)    AmegyBank of Texas # 0060722359 in the names of Serena M. King and Valentyna Jazmine King;

(16)    AmegyBank of Texas Account # 0299605756 in the names of Serena M. King and Josiah Anthonay Michael King;

(17)    AmegyBank of Texas Certificate of Deposit Account # 0299605707 in the names of Serena M. King and Julian Samuel King;

(18)    AmegyBank of Texas Certificate of Deposit Account # 0299605715 in the names of Serena M. King and Skyler Isabella Morgan King;

(19)    AmegyBank of Texas Certificate of Deposit Account # 0299605723 in the names of Serena M. King and Alexis Angelena Le-Faye King;

(20)   AmegyBank of Texas Certificate of Deposit Account # 0299605731 in the names of Serena M. King and Aaliyah Jordan King;

(21)   AmegyBank of Texas Certificate of Deposit Account # 0299605749 in the names of Serena M. King and Valentyna Jazmine King;

(22)   AmegyBank of Texas Certificate of Deposit Account # 0299605756 in the names of Serena M. King and Josiah Anthonay Michael King;

(23)   Invesco Account # 5042270982 in the name of Bartice A. King;

(24)   Franklin Templeton Investments Account # 111-11120890826 in the name of Bartice A. King;

(25)   Franklin Templeton Investments Account # 111-11120891804 in the name of Serena M. King;

(26)   Note payable and mortgage lien held by Starting 5, LLC, on property described as 86 Blue Creek Place, Spring, Texas, also described as Lot 34, in Block 1, of the Woodlands Village of Sterling Ridge, Section 14, a subdivision in Montgomery County, Texas;

(27)   2009 Maserati Quattroporte Sedan, vehicle identification number (VIN) ZAMJK39A290046451;

(28)   2008 Jeep Wrangler, VIN 1J4GB39188L556339;

(29)   1969 Ford Mustang, VIN 9R03F105499;

(30)   176 Gunstock Hill Road, Gilford, New Hampshire, also described as Lot 12A on a plan entitled "Subdivision of Land, Gunstock Hill Road, Gilford, New Hampshire, for David & Theresa C. Limric," dated January 1985, and revised February and March 1985, final plan April 4, 1985, approved by the Gilford Planning Board on April 15, 1985, State approval

#20420 and recorded April 18, 1985, at Plan Book 116, Pages 55-56, Belknap County records;

(31) 166 Gunstock Hill Road, Gilford, New Hampshire, also described as a parcel on the westerly side of Gunstock Hill Road, as depicted on "Plan of Land for the Jesse S. Naylor Revocable Trust;"

(32) 42 Airport Road, Gilford, New Hampshire, also described as Parcel 2 on a Plan entitled "Laconia Municipal Airport, Laconia, New Hampshire, Entry Road Subdivision, Sheet 3 of 3, Drawing 3;"

(33) 146 and 158 Gunstock Hill Road, Gilford, New Hampshire, also described as Lot 1 on a Plan entitled "Tax Map #226-013-000, Subdivision of Land located on Wilson Road and 146 Gunstock Hill Road, Gilford, New Hampshire;"

(34) Bank of New Hampshire Account # 883077075 in the name of Spiros G. Athanas;

(35) Bank of New Hampshire Account # 250057536 in the names of Spiros G. Athanas and Joanne M. Athanas;

(36) TD Bank Account # 9243967374 in the name of Spiros G. Athanas;

(37) TD Bank Account # 9243967481 in the name of Spiros G. Athanas;

(38) Rockwell International Corporation, Sabreliner, NA-265-65, serial number 465-48, United States registration # N265CP;

(39) 2155 North Highway A1A, Indialantic, Florida, further described as Lot 3, Block 1 of Ocean Shore Subdivision of Gleason Land Corp., Eau Gallie, Florida, Parcel ID # 27-37-24-75-00001.0-0003.00, Book 5889, Page 269;

(40) Lot 32, Block 316, Port Malabar Unit Nine, no parcel number provided, Book 5518, Page 4767, Brevard County, Florida;

71

(41)  Lot 22, Block 308, Port Malabar Unit Nine, Parcel ID # 29-37-05-GJ-308-22, Book 5537, Page 3882, Brevard County, Florida;

(42)  Lot 32, Block 342, Port Malabar Unit Nine, Parcel ID # 29-37-5-GJ-00342.0-0032.0, Book 5546, Page 7534, Brevard County, Florida;

(43)  606 Free School Lane, Key West, Florida, also described as KW PT Lot 4, Square 49, Parcel ID # 00009250-000000;

(44)  Unit H-6 at 5950 Peninsular Avenue Slip: H-6 South Stock Island, Oceanside East Dry Storage Condominium, Monroe County, Florida;

(45)  Ameriprise Brokerage Account #410482772133 in the name of Robert J. Rolly;

(46)  Ameriprise Brokerage Account # 359786803133 in the name of Robert J. Rolly as custodian for Levi Danger Rolly;

(47)  335 White Oak Drive, Altamonte Springs, Florida, also known as Lots 37 & 38 & W ½ of VACD ST ADJ on E Blk B Tract 57, Sanlando Springs, PB 4 PG 34, also known as Lots 37 and 38, Block B, Sanlando Springs Tract No. 57 according to the plat thereof as recorded in Plat Book 4, Page 34, Public Records of Seminole County, Florida;

(48)  12113 Breckenridge Road, Groveland, California, also described as Lot 22 as shown on map entitled Pine Mountain Lake Unit No. 13, which map was filed in the Office of the County Recorder of said county on August 31, 1970, in book 6 at page 39 of Subdivisions, Assessor's Parcel Number 09418001;

(49)  358 San Fernando Avenue, Stockton, California, also described as Lot 132, Franciscan Plaza 04, Stockton, San Joaquin County, California;

72

(50)    244 Navajo Rd., Lake Ozark, Missouri, also described as Lot 163, Kays Point 08, Section 21, Township 40N, Range 16W, Assessor's Parcel Number (APN) 015.021.0000.0013022.000;

(51)    Unit 223, Building 200, Cape Royale at Ski Harbor, Section 1, Township 39N, Range 16W, APN 081.001.2000.0001007.203;

(52)    J.P. Morgan Chase Bank Checking Account # 857238943 in the name of CDMG of Ohio LLC, DBA Lucky Hook;

(53)    990 Boulevard of the Arts Unit 1101, Sarasota, Florida, also described as Unit 1101, Beau Ciel, Sarasota, Sarasota County, Florida;

(54)    5300 S. Atlantic Avenue, Unit 16-401, New Smyrna, Florida, also described as Unit 401, Ocean Walk at New Smyrna Beach, Building No. 16, New Smyrna, Volusia County, Florida;

(55)    3250 W. Robinson, Norman, Oklahoma, also described as Lot 1, in Block 1 of Spring Brook Addition, Section 11, a replat of Lot 6, in Block 1 of Spring Brook Addition, Section 6, Norman, Oklahoma;

(56)    3701 Brownwood Lane, Norman, Oklahoma, also described as Lot 7, in Block 2, of Castlerock Addition Section 6, Norman, Oklahoma;

(57)    10845 E. Pinewood Drive, Parker, Colorado, also described as Lot 17 Parker View Estates #3 4.60 AM/L;

(58)    Gas Lease 10845 E. Pinewood Drive, Parker, Colorado, also described as Lot 17 Parker View Estates #3 4.60 AM/L;

(59)    Wells Fargo Account # 053-4978432 in the names of Kory and Jennifer K. Koralewski;

(60)    Wells Fargo Account # 350-5060779 in the names of Kory and Jennifer K. Koralewski;

(61)   TD Bank Account # 4254370897 in the name of ZAPT Electrical Sales, Inc.;

(62)   Reunion Bank Account #0110006046 in the name of PLPA & Associate, Inc.;

(63)   Wachovia Bank Account #2000062324939 in the name of Shine Athletics, Inc.;

(64)   Reunion Bank Account # 0110006053 in the name of Paul F. Tucker;

(65)   CNL Bank Account # 3047685 in the name of Team International Services, Inc.;

(66)   First Southern National Bank Account # 1018103 in the name of Grant DeLoach, aka Robert G. DeLoach;

(67)   Wells Fargo Bank Account # 9841997764 in the name of Grant DeLoach, aka Robert G. DeLoach;

(68)   Bank of Newington Account # 1075152 in the name of E-Z Finance Auto Outlet, Inc.; and

(69)   Domain names: www.legendz.com, www.legends.com; www.legendzsports.com, www.betlegends.eu, www.thepig.com, www.betwalrus.com, www.islandbet.com, www.danutz.com, www.danutz.net, www.mvpplay.com, www.sportswizard.com, www.4ibet.com, www.zmvp.com, www.zzquick.com, www.ibetnow.com, www.playmvp.com, www.betthelegend.com, www.playlegendz.com, www.svcdatareport.net, www.shoobeedo.com, www.legends.com, www.betjamaica.com, and www.olympicsports.com.

113.   The above-named defendants, and each of them, are jointly and severally liable for the forfeiture obligations as alleged above.

114.   If any of the property described above, as a result of any act or omission of the defendants:

        a.      cannot be located upon the exercise of due diligence;

        b.      has been transferred or sold to, or deposited with, a third party;

        c.      has been placed beyond the jurisdiction of the court;

        d.      has been substantially diminished in value; or

        e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 1963.

### FORFEITURE ALLEGATION 2
### (Illegal Gambling Business Offense)

115.   The allegations contained in Count 2 of this Superseding Indictment are hereby realleged and incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 1955(d); Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c). Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in the event of any defendant's conviction under Count 2 of this Superseding Indictment, in accordance with Title 18, United States Code, Section 1955.

75

116.   Upon conviction of an offense in violation of Title 18, United Sates

Code, Section 1955, the defendants,

--------------------------- BARTICE A. "LUKE" "COOL" "THE BOSS" KING;
SERENA MONEEQUE KING;
SPIROS G. "THE GREEK" ATHANAS;
ROBERT JOSEPH  "BOB" ROLLY;
KASSANDRA "SANDRA" BATES,
     a/k/a Kassandra "Sandra" Vargas,
     a/k/a Sandra Teresita Vargas Farrier;
WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES;
EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO;
KORY ELWIN "SKI" KORALEWSKI;
MAXIMILLIAN "MAX" MAGNUS McLAREN,
     a/k/a Maximillian McLaren Magnus;
MARIA "MARY NORTH" ROJAS,
     a/k/a Maria Isabel Rojas Mata;
ARTURO GARCIA JIMÉNEZ;
RIGOBERTO NOLAN,
     a/k/a Rigoberto Nolan Forbes;
JAVIER ESPINOSA,
     a/k/a Javier Espinosa Jimenez;
DAVID GORDON;
JAMES FRANKLIN "FRANK"
     "FRANK THE BANK" ACKER III;
RODGER VANPELT "DOC" BRAMLEY;
KELLEY WARD "ROSEK" DIEBNER;
TERRY LEE "TOP CAT" "GATO" CAMPBELL;
RALPH GEORGE "GEORGIE" "RICO" HERNANDEZ;
DEREK EDWARD "D" HEWITT;
JOSEPH MICHAEL "JOE" "ROLLTIDE"
     McFADDEN;
BRUCE LANDEN "JOSE" "JOSE C"
     MIDDLEBROOK;
GREGORY WILSON "PATCHMAIN" ROBERTS;
CHRISTOPHER LEE "CT" "LIMO" "TAN"
     "MAGIC" TANNER;
PAUL FRANCIS "FPAUL" TUCKER;

**ROBERT CHARLES "BOB" "FBOBV" "BINGO BOB"
 VANETTEN, JR.;
ROBERT PAUL "BIG DOG" "CLIFF" WILSON;
LEON MARK "MAKAVELLI" "MASTIFF"
 MORAN, JR.;
LUIS "BIG LOU" ROBLES;
DAVID LYNN "OB" "OBIE" ROSS;
JAMES LESTER "LES" ACKER;
KELLY JAMES DORN;
TODD WILLIAM HOSS; and
ROBERT ANTHONY "TONY" LAY;** ————————————

shall forfeit to the United States of America, pursuant to Title 18, United States Code,

Section 981(a)(1)(C); and Title 28, United States Code, Section 2461(c), any property, real

or personal, which constitutes or is derived from proceeds traceable to a violation of Title 18,

United States Code, Section 1955, and pursuant to Title 18, United States Code, Section

1955(d); and Title 28, United States Code, Section 2461(c), any property, including money,

used in violation of Title 18, United States Code, Section 1955.  The property of the

defendants subject to forfeiture to the United States include but are not limited to at least

$1,000,000,000.00 and all interests and proceeds traceable thereto, including but not limited

to the following assets:

(1) 2 Palmer Crest, Spring, Texas, also described as Lot 1, Block 2, The Woodlands, Village of Cochrans Crossing, Section 55, Partial Replat of Blocks 2, 3, & 4, an addition in Montgomery County, Texas;

(2) 86 Blue Creek Place, Spring, Texas, also described as Lot 34, in Block 1, of the Woodlands Village of Sterling Ridge, Section 14, a subdivision in Montgomery County, Texas;

(3)   82 Blue Creek Place, Spring, TX, also described as Lot 33, in Block 1, of the Woodlands Village of Sterling Ridge, Section 14, a subdivision in Montgomery County, Texas;

(4)   22 Nestlewood Place, The Woodlands, Texas, also described as Lot 60, in Block 1, of the Woodlands Village of Sterling Ridge, Section 60, a subdivision in Montgomery County, Texas;

(5)   30 Nestlewood Place, The Woodlands, Texas, also described as Lot 59, in Block 1, of the Woodlands Village of Sterling Ridge, Section 60, a subdivision in Montgomery County, Texas;

(6)   12113 Breckenridge Road, Groveland, California, also described as Lot 22 as shown on map entitled Pine Mountain Lake Unit No. 13, which map was filed in the Office of the County Recorder of said county on August 31, 1970, in book 6 at page 39 of Subdivisions, Assessor's Parcel Number 09418001;

(7)   206 North Vesper Bend Circle, Spring, Texas, also described as Lot 2, in Block 1, of The Woodlands Village of Sterling Ridge, Section 30, a subdivision in Montgomery County, Texas;

(8)   AmegyBank of Texas Account # 0053616878 in the names of Bartice A. and Serena M. King;

(9)   AmegyBank of Texas Account # 0053616894 in the names of Bartice A. and Serena M. King;

(10)   AmegyBank of Texas Account # 0030095494 in the name of Starting 5, L.L.C.;

(11)   AmegyBank of Texas Account # 0060722316 in the names of Serena M. King and Julian Samuel King;

(12)   AmegyBank of Texas Account # 0060722324 in the names of Serena M. King and Skyler Isabella Morgan King;

(13)   AmegyBank of Texas Account # 0060722332 in the names of Serena M. King and Alexis Angelena Le-Faye King;

(14)   AmegyBank of Texas Account # 0060722340 in the names of Serena M. King and Aaliyah Jordan King;

(15)   AmegyBank of Texas Account # 0060722359 in the names of Serena M. King and Valentyna Jazmine King;

(16)   AmegyBank of Texas Account # 0299605756 in the names of Serena M. King and Josiah Anthonay Michael King;

(17)   AmegyBank of Texas Certificate of Deposit Account # 0299605707 in the names of Serena M. King and Julian Samuel King;

(18)   AmegyBank of Texas Certificate of Deposit Account # 0299605715 in the names of Serena M. King and Skyler Isabella Morgan King;

(19)   AmegyBank of Texas Certificate of Deposit Account # 0299605723 in the names of Serena M. King and Alexis Angelena Le-Faye King;

(20)   AmegyBank of Texas Certificate of Deposit Account # 0299605731 in the names of Serena M. King and Aaliyah Jordan King;

(21)   AmegyBank of Texas Certificate of Deposit Account # 0299605749 in the names of Serena M. King and Valentyna Jazmine King;

(22)   AmegyBank of Texas Certificate of Deposit Account # 0299605756 in the names of Serena M. King and Josiah Anthonay Michael King;

(23)   Invesco Account # 5042270982 in the name of Bartice A. King;

(24)   Franklin Templeton Investments Account # 111-11120890826 in the name of Bartice A. King;

(25)   Franklin Templeton Investments Account # 111-11120891804 in the name of Serena M. King;

(26)   Note payable and mortgage lien held by Starting 5, L.L.C., on property described as 86 Blue Creek Place, Spring, Texas, also described as Lot 34, in Block 1, of the Woodlands Village of Sterling Ridge, Section 14, a subdivision in Montgomery County, Texas;

(27)   2009 Maserati Quattroporte Sedan, vehicle identification number (VIN) ZAMJK39A290046451;

(28)   2008 Jeep Wrangler, VIN 1J4GB39188L556339;

(29)   1969 Ford Mustang, VIN 9R03F105499;

(30)   239 S. Main Street, Middleton, Massachusetts, also described as Lot 3 on a plan entitled "Plan of Land in Middleton, Massachusetts Owned by Diamond International Corp;"

(31)   2075 S. Willow Street, Manchester, New Hampshire, also described as Triangle Mall;

(32)   186 Gunstock Hill Road, Gilford, New Hampshire, also described as Lot 12 as shown on a plan entitled "Subdivision of Land, Gunstock Hill Road, Gilford, New Hampshire, for David and Theresa C. Limiric;"

(33)   82 Bowditch Avenue, Peabody, Massachusetts, also described as Lots 163-173 and Lots 210-216 on a plan in Peabody, Massachusetts, "Overlea," from Robert C. St. Pierre and Valerie E. St. Pierre, Parcel 124-180 and Parcel 124-181;

(34)   82 and 86 Andover Street, Peabody, Massachusetts, also described as Lot 1 and Lot 2 on a plan entitled "Subdivision Plan of Land Located in Peabody, Massachusetts;"

(35)   27 Bar Link Way, Unit # 81, Building 14, Swampscott, Massachusetts;

(36)   392 Western Avenue, Lynn, Massachusetts, also described as Lot B on a plan entitled "Subdivision Plan of Land Owned by Edward F. & Marie E. Obey;"

80

(37)    Unit 8A, Birney-Foster Condominium, 100 Birney Street, Peabody, Massachusetts;

(38)    176 Gunstock Hill Road, Gilford, New Hampshire, also described as Lot 12A on a plan entitled "Subdivision of Land, Gunstock Hill Road, Gilford, New Hampshire, for David & Theresa C. Limric," dated January 1985, and revised February and March 1985, final plan April 4, 1985, approved by the Gilford Planning Board on April 15, 1985, State approval #20420 and recorded April 18, 1985, at Plan Book 116, Pages 55-56, Belknap County records;

(39)    166 Gunstock Hill Road, Gilford, New Hampshire, also described as a parcel on the westerly side of Gunstock Hill Road, as depicted on "Plan of Land for the Jesse S. Naylor Revocable Trust;"

(40)    42 Airport Road, Gilford, New Hampshire, also described as Parcel 2 on a Plan entitled "Laconia Municipal Airport, Laconia, New Hampshire, Entry Road Subdivision, Sheet 3 of 3, Drawing 3;"

(41)    146 and 158 Gunstock Hill Road, Gilford, New Hampshire, also described as Lot 1 on a Plan entitled "Tax Map #226-013-000, Subdivision of Land located on Wilson Road and 146 Gunstock Hill Road, Gilford, New Hampshire;"

(42)    159 Jefferson Drive, Washington, New Hampshire, also described as Lot K-16, Section 1, as shown on plan entitled "Lake Ashuelot Estates, Washington, New Hampshire, drawn by Donald R. Mellen, Surveyor, and recorded in the Sullivan County Registry of Deeds as Plan # 10, Pocket # 8, File # 1;"

(43)    Lots 277 and 278 Lincoln Drive, Washington, New Hampshire, also described as Lots E-31 and E-32, Section 1, as shown on plan entitled "Lake Ashuelot Estates, Washington, New Hampshire, drawn by Donald R. Mellen, Surveyor, and recorded in the Sullivan County Registry of Deeds as Plan # 10, Pocket # 8, File # 1;"

81

(44)    382 Ocean Avenue, Unit 1707, Revere, Massachusetts also described as Unit 1707 together with its undivided 1.1450 percentage interest in the common areas and facilities of the Ocean Gate Tower Condominium, a condominium created by Master Deed dated July 2, 1987, and recorded with the Suffolk County Registry of Deeds in Book 13927, Page 201;

(45)    Bank of New Hampshire Account # 883077075 in the name of Spiros G. Athanas;

(46)    Bank of New Hampshire Account # 250057536 in the names of Spiros G. Athanas and Joanne M. Athanas;

(47)    TD Bank Account # 9243967374 in the name of Spiros G. Athanas;

(48)    TD Bank Account # 9243967481 in the name of Spiros G. Athanas;

(49)    Rockwell International Corporation, Sabreliner, NA-265-65, serial number 465-48, United States registration # N265CP;

(50)    2155 North Highway A1A, Indialantic, Florida, further described as Lot 3, Block 1 of Ocean Shore Subdivision of Gleason Land Corp., Eau Gallie, Florida, Parcel ID # 27-37-24-75-00001.0-0003.00, Book 5889, Page 269;

(51)    Lot 32, Block 316, Port Malabar Unit Nine, no parcel number provided, Book 5518, Page 4767, Brevard County, Florida;

(52)    Lot 22, Block 308, Port Malabar Unit Nine, Parcel ID # 29-37-05-GJ-308-22, Book 5537, Page 3882, Brevard County, Florida;

(53)    Lot 32, Block 342, Port Malabar Unit Nine, Parcel ID # 29-37-5-GJ-00342.0-0032.0, Book 5546, Page 7534, Brevard County, Florida;

(54)    606 Free School Lane, Key West, Florida, also described as KW PT Lot 4, Square 49, Parcel ID # 00009250-000000;

82

(55)   617 Simonton St, Unit 6, Key West, Florida, also described as Parcel # 6 in Gardens of Key West Condominium, Key West, Florida;

(56)   Unit H-6 at 5950 Peninsular Avenue Slip: H-6 South Stock Island, Oceanside East Dry Storage Condominium, Monroe County, Florida;

(57)   Ameriprise Brokerage Account # 410482772133 in the name of Robert J. Rolly;

(58)   Ameriprise Brokerage Account # 359786803133 in the name of Robert J. Rolly as custodian for Levi Danger Rolly;

(59)   335 White Oak Drive, Altamonte Springs, Florida, also known as Lots 37 & 38 & W ½ of VACD ST ADJ on E Blk B Tract 57, Sanlando Springs, PB 4 PG 34, also known as Lots 37 and 38, Block B, Sanlando Springs Tract No. 57 according to the plat thereof as recorded in Plat Book 4, Page 34, Public Records of Seminole County, Florida;

(60)   19963 Pine Mountain Drive, Groveland, CA, also described as Pine Mountain Lake 13 L150;

(61)   12113 Breckenridge Road, Groveland, California, also described as Lot 22 as shown on map entitled Pine Mountain Lake Unit No. 13, which map was filed in the Office of the County Recorder of said county on August 31, 1970, in book 6 at page 39 of Subdivisions, Assessor's Parcel Number 09418001;

(62)   358 San Fernando Avenue, Stockton, California, also described as Lot 132, Franciscan Plaza 04, Stockton, San Joaquin County, California;

(63)   263 Grandview Drive, Lake Ozark, Missouri, also described as Lot 535 Villas Grandview 12, Range 16W, Township 40N, Section 23, Lake Ozark, Camden County, Missouri, parcels 016.023.0000.0004113.000 and 016.023.0000.0004149.000;

83

(64)    244 Navajo Rd., Lake Ozark, Missouri, also described as Lot 163, Kays Point 08, Section 21, Township 40N, Range 16W, Assessor's Parcel Number (APN) 015.021.0000.0013022.000;

(65)    Unit 223, Building 200, Cape Royale at Ski Harbor, Section 1, Township 39N, Range 16W, APN 081.001.2000.0001007.203;

(66)    J.P. Morgan Chase Bank Checking Account # 857238943 in the name of CDMG of Ohio LLC, DBA Lucky Hook;

(67)    990 Boulevard of the Arts Unit 1101, Sarasota, Florida, also described as Unit 1101, Beau Ciel, Sarasota, Sarasota County, Florida;

(68)    5300 S. Atlantic Avenue, Unit 16-401, New Smyrna, Florida, also described as Unit 401, Ocean Walk at New Smyrna Beach, Building No. 16, New Smyrna, Volusia County, Florida;

(69)    3250 W. Robinson, Norman, Oklahoma, also described as Lot 1, in Block 1 of Spring Brook Addition, Section 11, a replat of Lot 6, in Block 1 of Spring Brook Addition, Section 6, Norman, Oklahoma;

(70)    3701 Brownwood Lane, Norman, Oklahoma, also described as Lot 7, in Block 2, of Castlerock Addition Section 6, Norman, Oklahoma;

(71)    10845 E. Pinewood Drive, Parker, Colorado, also described as Lot 17 Parker View Estates #3 4.60 AM/L;

(72)    Gas Lease 10845 E. Pinewood Drive, Parker, Colorado, also described as Lot 17 Parker View Estates #3 4.60 AM/L;

(73)    Wells Fargo Account # 053-4978432 in the names of Kory and Jennifer K. Koralewski;

(74)    Wells Fargo Account # 350-5060779 in the names of Kory and Jennifer K. Koralewski;

(75)   TD Bank Account # 4254370897 in the name of ZAPT Electrical Sales, Inc.;

(76)   Reunion Bank Account # 0110006046 in the name of PLPA & Associate, Inc.;

(77)   Wachovia Bank Account # 2000062324939 in the name of Shine Athletics, Inc.;

(78)   Reunion Bank Account # 0110006053 in the name of Paul F. Tucker;

(79)   CNL Bank Account # 3047685 in the name of Team International Services, Inc.;

(80)   First Southern National Bank Account # 1018103 in the name of Grant DeLoach, aka Robert G. DeLoach;

(81)   Wells Fargo Bank Account # 9841997764 in the name of Grant DeLoach, aka Robert G. DeLoach;

(82)   Bank of Newington Account # 1075152 in the name of E-Z Finance Auto Outlet, Inc.; and

(83)   Domain names: www.legendz.com, www.legends.com; www.legendzsports.com, www.betlegends.eu, www.thepig.com, www.betwalrus.com, www.islandbet.com, www.danutz.com, www.danutz.net, www.mvpplay.com, www.sportswizard.com, www.4ibet.com, www.zmvp.com, www.zzquick.com, www.ibetnow.com, www.playmvp.com, www.betthelegend.com, www.playlegendz.com, www.svcdatareport.net, www.shoobeedo.com, www.legends.com, www.betjamaica.com, and www.olympicsports.com

117.   If any of the property described above, as a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C); Title 18, United States Code, Section 1955(d); and Title 28, United States Code, Section 2461(c).

### FORFEITURE ALLEGATION 3
### (Money Laundering Offenses)

118.    The allegations contained in Counts 3-16 of this Superseding Indictment are hereby realleged and incorporated here for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 982(a)(1).

119.    Pursuant to Title 18, United States Code, Section 982(a)(1), upon conviction of an offense in violation of Title 18, United States Code, Section 1956, or an offense in violation of Title 18, United States Code, Section 1957, the defendants,

—————————————— **BARTICE A. "LUKE" "COOL" "THE BOSS" KING;**
**SERENA MONEEQUE KING;**
**SPIROS G. "THE GREEK" ATHANAS;**
**ROBERT JOSEPH "BOB" ROLLY;**

KASSANDRA "SANDRA" BATES,
    a/k/a Kassandra "Sandra" Vargas,
    a/k/a Sandra Teresita Vargas Farrier;
WILLIAM JAMES "BILL" "BILLY" "WILD BILL" BATES;
EDWARD LOUIS "GOOCH" "BUBBLES" BUONANNO;
KORY ELWIN "SKI" KORALEWSKI;
MAXIMILLIAN "MAX" MAGNUS McLAREN,
    a/k/a Maximillian McLaren Magnus;
MARIA "MARY NORTH" ROJAS,
    a/k/a Maria Isabel Rojas Mata;
ARTURO GARCIA JIMÉNEZ;
RIGOBERTO NOLAN,
    a/k/a Rigoberto Nolan Forbes;
JAVIER ESPINOSA,
    a/k/a Javier Espinosa Jimenez;
DAVID GORDON;
JAMES FRANKLIN "FRANK"
    "FRANK THE BANK" ACKER III;
RODGER VANPELT "DOC" BRAMLEY;
KELLEY WARD "ROSEK" DIEBNER;
TERRY LEE "TOP CAT" "GATO" CAMPBELL;
RALPH GEORGE "GEORGIE" "RICO" HERNANDEZ;
DEREK EDWARD "D" HEWITT;
JOSEPH MICHAEL "JOE" "ROLLTIDE"
    McFADDEN;
BRUCE LANDEN "JOSE" "JOSE C"
    MIDDLEBROOK;
GREGORY WILSON "PATCHMAIN" ROBERTS;
CHRISTOPHER LEE "CT" "LIMO" "TAN"
    "MAGIC" TANNER;
PAUL FRANCIS "FPAUL" TUCKER;
ROBERT CHARLES "BOB" "FBOBV" "BINGO BOB"
    VANETTEN, JR.;
ROBERT PAUL "BIG DOG" "CLIFF" WILSON;
LEON MARK "MAKAVELLI" "MASTIFF"
    MORAN, JR.;
LUIS "BIG LOU" ROBLES;
DAVID LYNN "OB" "OBIE" ROSS;
JAMES LESTER "LES" ACKER;
KELLY JAMES DORN;

**TODD WILLIAM HOSS;**
**ROBERT ANTHONY "TONY" LAY;**
**DATA SUPPORT SERVICES, S.A.;**
**LEGENDZ GAMING, CORP.,**
    **a/k/a Legendz Gamming, Corp.;**
**GRUPO LEGENDZ, S.A.;**
**OMNI GROUP INTERNATIONAL**
    **CORP.;**
**GLOBAL DATA PAYMENT**
    **SERVICES, S.A.;**
**JR GROUP, INC.;**
**DSS INTERNATIONAL, INC.;**
**UDS INTERNATIONAL SOFTWARE,**
    **INC.;**
**INVESTMENT CONSULTING**
    **SERVICES (ICS), S.A.;**
**OLMOS OVERSEAS, LTD.;**
**REGENCY COMMERCIAL LIMITADA;**
**STARTING 5, LLC;**
**INTERNATIONAL GOLDSTORE, CORP.;**
**TEN GRANDCHILDREN FOUNDATION;**
**DIGILUME, INC.;**
**PROGRAM ADVISORS, INC.;**
**ZAPT ELECTRICAL SALES, INC.;**
**PLPA AND ASSOCIATES, INC.;**
**CAN-AM, LLC;**
**ZIMA HOLDINGS, LLC;**
**6 MONKEYS S. DE R.L.; and**
**STARLINK INVESTISSEMENTS, INC.,** ------------------------

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1); and Title 28, United States Code, Section 2461(c), any property, real or personal, involved in such offenses or any property traceable to such property. The property of the defendants subject to forfeiture to the United States include but are not limited to at

least $1,000,000,000.00 and all interests and proceeds traceable thereto, including but not limited to the following assets:

(1)     2 Palmer Crest, Spring, Texas, also described as Lot 1, Block 2, The Woodlands, Village of Cochrans Crossing, Section 55, Partial Replat of Blocks 2, 3, & 4, an addition in Montgomery County, Texas;

(2)     86 Blue Creek Place, Spring, Texas, also described as Lot 34, in Block 1, of the Woodlands Village of Sterling Ridge, Section 14, a subdivision in Montgomery County, Texas;

(3)     82 Blue Creek Place, Spring, TX, also described as Lot 33, in Block 1, of the Woodlands Village of Sterling Ridge, Section 14, a subdivision in Montgomery County, Texas;

(4)     22 Nestlewood Place, The Woodlands, Texas, also described as Lot 60, in Block 1, of the Woodlands Village of Sterling Ridge, Section 60, a subdivision in Montgomery County, Texas,

(5)     30 Nestlewood Place, The Woodlands, Texas, also described as Lot 59, in Block 1, of the Woodlands Village of Sterling Ridge, Section 60, a subdivision in Montgomery County, Texas;

(6)     12113 Breckenridge Road, Groveland California, also described as Lot 22 as shown on map entitled Pine Mountain Lake Unit No. 13, which map was filed in the Office of the County Recorder of said county on August 31, 1970, in book 6 at page 39 of Subdivisions, Assessor's Parcel Number 09418001;

(7)     206 North Vesper Bend Circle, Spring, Texas, also described as Lot 2, in Block 1, of The Woodlands Village of Sterling Ridge, Section 30, a subdivision in Montgomery County, Texas;

(8)     AmegyBank of Texas Account # 0053616878 in the names of Bartice A. and Serena M. King;

(9)     AmegyBank of Texas Account # 0053616894 in the names of Bartice A. and Serena M. King;

(10)   AmegyBank of Texas Account # 0030095494 in the name of Starting 5, L.L.C.;

(11)   AmegyBank of Texas Account # 0060722316 in the names of Serena M. King and Julian Samuel King;

(12)   AmegyBank of Texas Account # 0060722324 in the names of Serena M. King and Skyler Isabella Morgan King;

(13)   AmegyBank of Texas Account # 0060722332 in the names of Serena M. King and Alexis Angelena Le-Faye King;

(14)   AmegyBank of Texas Account #  0060722340 in the names of Serena M. King and Aaliyah Jordan King;

(15)   AmegyBank of Texas Account # 0060722359 in the names of Serena M. King and Valentyna Jazmine King;

(16)   AmegyBank of Texas Account # 0299605756 in the names of Serena M. King and Josiah Anthonay Michael King;

(17)   AmegyBank of Texas Certificate of Deposit Account # 0299605707 in the names of Serena M. King and Julian Samuel King;

(18)   AmegyBank of Texas Certificate of Deposit Account # 0299605715 in the names of Serena M. King and Skyler Isabella Morgan King;

(19)   AmegyBank of Texas Certificate of Deposit Account # 0299605723 in the names of Serena M. King and Alexis Angelena Le-Faye King;

(20)   AmegyBank of Texas Certificate of Deposit Account # 0299605731 in the names of Serena M. King and Aaliyah Jordan King;

(21)   AmegyBank of Texas Certificate of Deposit Account # 0299605749 in the names of Serena M. King and Valentyna Jazmine King;

(22)    AmegyBank of Texas Certificate of Deposit Account # 0299605756 in the names of Serena M. King and Josiah Anthonay Michael King;

(23)    Invesco Account # 5042270982 in the name of Bartice A. King;

(24)    Franklin Templeton Investments Account # 111-11120890826 in the name of Bartice A. King;

(25)    Franklin Templeton Investments Account # 111-11120891804 in the name of Serena M. King;

(26)    Note payable and mortgage lien held by Starting 5, L.L.C., on property described as 86 Blue Creek Place, Spring, Texas, also described as Lot 34, in Block 1, of the Woodlands Village of Sterling Ridge, Section 14, a subdivision in Montgomery County, Texas;

(27)    2009 Maserati Quattroporte Sedan, vehicle identification number (VIN) ZAMJK39A290046451;

(28)    2008 Jeep Wrangler, VIN 1J4GB39188L556339;

(29)    1969 Ford Mustang, VIN 9R03F105499;

(30)    239 S. Main Street, Middleton, Massachusetts, also described as Lot 3 on a plan entitled "Plan of Land in Middleton, Massachusetts Owned by Diamond International Corp;"

(31)    2075 S. Willow Street, Manchester, New Hampshire, also described as Triangle Mall;

(32)    186 Gunstock Hill Road, Gilford, New Hampshire, also described as Lot 12 as shown on a plan entitled "Subdivision of Land, Gunstock Hill Road, Gilford, New Hampshire, for David and Theresa C. Limiric;"

(33)    82 Bowditch Avenue, Peabody, Massachusetts, also described as Lots 163-173 and Lots 210-216 on a plan in Peabody,

Massachusetts, "Overlea," from Robert C. St. Pierre and Valerie E. St. Pierre, Parcel 124-180 and Parcel 124-181;

(34) 82 and 86 Andover Street, Peabody, Massachusetts, also described as Lot 1 and Lot 2 on a plan entitled "Subdivision Plan of Land Located in Peabody, Massachusetts;"

(35) 27 Bar Link Way, Unit # 81, Building 14, Swampscott, Massachusetts;

(36) 392 Western Avenue, Lynn, Massachusetts, also described as Lot B on a plan entitled "Subdivision Plan of Land Owned by Edward F. & Marie E. Obey;"

(37) Unit 8A, Birney-Foster Condominium, 100 Birney Street, Peabody, Massachusetts;

(38) 176 Gunstock Hill Road, Gilford, New Hampshire, also described as Lot 12A on a plan entitled "Subdivision of Land, Gunstock Hill Road, Gilford, New Hampshire, for David & Theresa C. Limric," dated January 1985, and revised February and March 1985, final plan April 4, 1985, approved by the Gilford Planning Board on April 15, 1985, State approval #20420 and recorded April 18, 1985, at Plan Book 116, Pages 55-56, Belknap County records;

(39) 166 Gunstock Hill Road, Gilford, New Hampshire, also described as a parcel on the westerly side of Gunstock Hill Road, as depicted on "Plan of Land for the Jesse S. Naylor Revocable Trust;"

(40) 42 Airport Road, Gilford, New Hampshire, also described as Parcel 2 on a Plan entitled "Laconia Municipal Airport, Laconia, New Hampshire, Entry Road Subdivision, Sheet 3 of 3, Drawing 3;"

(41) 146 and 158 Gunstock Hill Road, Gilford, New Hampshire, also described as Lot 1 on a Plan entitled "Tax Map #226-013-000, Subdivision of Land located on Wilson Road and 146 Gunstock Hill Road, Gilford, New Hampshire;"

(42)  159 Jefferson Drive, Washington, New Hampshire, also described as Lot K-16, Section 1, as shown on plan entitled "Lake Ashuelot Estates, Washington, New Hampshire, drawn by Donald R. Mellen, Surveyor, and recorded in the Sullivan County Registry of Deeds as Plan # 10, Pocket # 8, File # 1;"

(43)  Lots 277 and 278 Lincoln Drive, Washington, New Hampshire, also described as Lots E-31 and E-32, Section 1, as shown on plan entitled "Lake Ashuelot Estates, Washington, New Hampshire, drawn by Donald R. Mellen, Surveyor, and recorded in the Sullivan County Registry of Deeds as Plan # 10, Pocket # 8, File # 1;"

(44)  382 Ocean Avenue, Unit 1707, Revere, Massachusetts also described as Unit 1707 together with its undivided 1.1450 percentage interest in the common areas and facilities of the Ocean Gate Tower Condominium, a condominium created by Master Deed dated July 2, 1987, and recorded with the Suffolk County Registry of Deeds in Book 13927, Page 201;

(45)  Bank of New Hampshire account # 883077075 in the name of Spiros G. Athanas;

(46)  Bank of New Hampshire account # 250057536 in the names of Spiros G. Athanas and Joanne M. Athanas;

(47)  TD Bank Account # 9243967374 in the name of Spiros G. Athanas;

(48)  TD Bank Account #  9243967481 in the name of Spiros G. Athanas;

(49)  Rockwell International Corporation, Sabreliner, NA-265-65, serial number 465-48, United States registration # N265CP;

(50)  2155 North Highway A1A, Indialantic, Florida, further described as Lot 3, Block 1 of Ocean Shore Subdivision of Gleason Land Corp., Eau Gallie, Florida, Parcel ID # 27-37-24-75-00001.0-0003.00, Book 5889, Page 269;

(51)   Lot 32, Block 316, Port Malabar Unit Nine, no parcel number provided, Book 5518, Page 4767, Brevard County, Florida;

(52)   Lot 22, Block 308, Port Malabar Unit Nine, Parcel ID # 29-37-05-GJ-308-22, Book 5537, Page 3882, Brevard County, Florida;

(53)   Lot 32, Block 342, Port Malabar Unit Nine, Parcel ID # 29-37-5-GJ-00342.0-0032.0, Book 5546, Page 7534, Brevard County, Florida;

(54)   606 Free School Lane, Key West, Florida, also described as KW PT Lot 4, Square 49, Parcel ID # 00009250-000000;

(55)   617 Simonton St, Unit 6, Key West, Florida, also described as Parcel # 6 in Gardens of Key West Condominium, Key West, Florida;

(56)   Unit H-6 at 5950 Peninsular Avenue Slip: H-6 South Stock Island, Oceanside East Dry Storage Condominium, Monroe County, Florida;

(57)   Ameriprise Brokerage Account # 410482772133 in the name of Robert J. Rolly;

(58)   Ameriprise Brokerage Account # 359786803133 in the name of Robert J. Rolly as custodian for Levi Danger Rolly;

(59)   335 White Oak Drive, Altamonte Springs, Florida, also known as Lots 37 & 38 & W ½ of VACD ST ADJ on E Blk B Tract 57, Sanlando Springs, PB 4 PG 34, also known as Lots 37 and 38, Block B, Sanlando Springs Tract No. 57 according to the plat thereof as recorded in Plat Book 4, Page 34, Public Records of Seminole County, Florida;

(60)   19963 Pine Mountain Drive, Groveland, California, also described as Pine Mountain Lake 13 L150;

(61)   12113 Breckenridge Road, Groveland, California, also described as Lot 22 as shown on map entitled Pine Mountain Lake Unit No. 13, which map was filed in the Office of the

County Recorder of said county on August 31, 1970, in book 6 at page 39 of Subdivisions, Assessor's Parcel Number 09418001;

(62)     358 San Fernando Avenue, Stockton, California, also described as Lot 132, Franciscan Plaza 04, Stockton, San Joaquin County, California;

(63)     263 Grandview Drive, Lake Ozark, Missouri, also described as Lot 535 Villas Grandview 12, Range 16W, Township 40N, Section 23, Lake Ozark, Camden County, Missouri, parcels 016.023.0000.0004113.000 and 016.023.0000.0004149.000;

(64)     244 Navajo Rd., Lake Ozark, Missouri, also described as Lot 163, Kays Point 08, Section 21, Township 40N, Range 16W, Assessor's Parcel Number (APN) 015.021.0000.0013022.000;

(65)     Unit 223, Building 200, Cape Royale at Ski Harbor, Section 1, Township 39N, Range 16W, APN 081.001.2000.0001007.203;

(66)     J.P. Morgan Chase Bank Checking Account # 857238943 in the name of CDMG of Ohio LLC, DBA Lucky Hook;

(67)     990 Boulevard of the Arts Unit 1101, Sarasota, Florida, also described as Unit 1101, Beau Ciel, Sarasota, Sarasota County, Florida;

(68)     5300 S. Atlantic Avenue, Unit 16-401, New Smyrna, Florida, also described as Unit 401, Ocean Walk at New Smyrna Beach, Building No. 16, New Smyrna, Volusia County, Florida;

(69)     3250 W. Robinson, Norman, Oklahoma, also described as Lot 1, in Block 1 of Spring Brook Addition, Section 11, a replat of Lot 6, in Block 1 of Spring Brook Addition, Section 6, Norman, Oklahoma;

(70)     3701 Brownwood Lane, Norman, Oklahoma, also described as Lot 7, in Block 2, of Castlerock Addition Section 6, Norman, Oklahoma;

(71)   10845 E. Pinewood Drive, Parker, Colorado, also described as Lot 17 Parker View Estates #3 4.60 AM/L;

(72)   Gas Lease 10845 E. Pinewood Drive, Parker, Colorado, also described as Lot 17 Parker View Estates #3 4.60 AM/L;

(73)   Wells Fargo Account # 053-4978432 in the names of Kory and Jennifer K. Koralewski;

(74)   Wells Fargo Account # 350-5060779 in the names of Kory and Jennifer K. Koralewski;

(75)   TD Bank Account # 4254370897 in the name of ZAPT Electrical Sales, Inc.;

(76)   Reunion Bank Account # 0110006046 in the name of PLPA & Associate, Inc.;

(77)   Wachovia Bank Account # 2000062324939 in the name of Shine Athletics, Inc.;

(78)   Reunion Bank Account # 0110006053 in the name of Paul F. Tucker;

(79)   CNL Bank Account # 3047685 in the name of Team International Services, Inc.;

(80)   First Southern National Bank Account # 1018103 in the name of Grant DeLoach, aka Robert G. DeLoach;

(81)   Wells Fargo Bank Account # 9841997764 in the name of Grant DeLoach, aka Robert G. DeLoach;

(82)   Bank of Newington Account # 1075152 in the name of E-Z Finance Auto Outlet, Inc.; and

(83)   Domain names: www.legendz.com, www.legends.com; www.legendzsports.com, www.betlegends.eu, www.thepig.com, www.betwalrus.com, www.islandbet.com, www.danutz.com, www.danutz.net, www.mvpplay.com, www.sportswizard.com,

96

www.4ibet.com, www.zmvp.com, www.zzquick.com, www.ibetnow.com, www.playmvp.com, www.bettlelegend.com, www.playlegendz.com, www.svcdatareport.net, www.shoobeedo.com, www.legends.com, www.betjamaica.com, and www.olympicsports.com

120.    If any of the property described above, as a result of any act or omission of the defendants:

       a.    cannot be located upon the exercise of due diligence;

       b.    has been transferred or sold to, or deposited with, a third party;

       c.    has been placed beyond the jurisdiction of the court;

       d.    has been substantially diminished in value; or

       e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 982.

A TRUE BILL:

FOREPERSON OF THE GRAND JURY

SANFORD C. COATS
United States Attorney

SUSAN DICKERSON COX
Assistant U.S. Attorney

WILLIAM LEE BORDEN, JR.
Assistant U.S. Attorney

JOHN S. HAN
Trial Attorney
Organized Crime and Gang Section
U.S. Department of Justice

98